[No. 4925.    Decided November 25, 1903.]

THE STATE OF WASHINGTON *on the Relation of T. Ford Hopkins,* v. HENRY L. KENNAN, *as Judge of the Superior Court for Spokane County, Respondent.*[1]

MANDAMUS—WITNESSES—COMPELLING ATTENDANCE OF NONRESIDENT. A judge of the superior court has no jurisdiction to compel by attachment the attendance of a nonresident witness, who is outside of the jurisdiction, for the purpose of taking his deposition, although a subpoena was served upon him while he was temporarily within the county.

Application to the supreme court, filed November 11, 1903, for a writ of mandamus directing Henry L. Kennan, as judge of the superior court for Spokane county, to issue an attachment to compel a nonresident witness to attend and give his deposition.    Writ denied.

*Thayer & Belt,* for relator.

*Post, Avery & Higgins,* for respondent.

DUNBAR, J.—There is pending in the United States circuit court for the district of Washington a suit wherein T. Ford Hopkins, the relator in this application, is plaintiff, and Charles R. Smith the defendant; the same being a law action for the recovery of money. Issues of fact are made up, and the cause stands ready for trial at the next term of said circuit court. Smith was notified to appear before the Hon. Henry L. Kennan, judge of the superior court of the state of Washington in and for the county of Spokane, to give his deposition, at the instance of the relator, in the cause pending in the said circuit court of the United States. Subpoena was issued by the judge aforesaid, but the said Smith did not appear in answer to said

[1]Reported in 74 Pac. 381.

subpoena, whereupon the attorney for the relator requested the court to issue a writ of attachment to compel Smith to appear and testify in said action, according to the directions of the subpoena. The court refused to issue said writ of attachment on the ground that he was without jurisdiction in the premises, and the relator applies to this court for a writ of mandamus directing said judge of the superior court to issue an attachment for the person of said Smith to require him to attend before said judge and give his deposition, and to make all orders which may be necessary or convenient in the premises in order to require said Smith to give his deposition.

It is conceded, that Smith is a nonresident living in the state of Wisconsin; that he was temporarily in Spokane City, in this state, at the time the subpoena was served upon him; and that he has now returned to his home in the state of Wisconsin. Passing by all technical questions, and conceding that the fees were properly tendered in this case, we find no authority in the statutes of this state or elsewhere sustaining the relator's contention that jurisdiction is conferred upon a superior judge of this state, or any other officer who under the laws of the state is qualified to take depositions, to compel by attachment the attendance for the purpose of having his deposition taken, of a nonresident of the state; and no legitimate deduction can be drawn from the general provisions of the statutes in relation to the exemption of witnesses distant a certain number of miles from the place where the trial is held, and the statute in relation to the taking of depositions, that would warrant the assumption of such authority on the part of the court.

This question, however, has been squarely before courts of other jurisdictions, and notably before the supreme court

of Kansas in the case of *In re Hughbanks,* 44 Kan. 105, 24 Pac. 75. There Hughbanks, who was a resident of Osage county, went to Lyon county on business for a day, and while there was served with a subpoena issued by a justice of the peace of Lyon county, commanding him to appear before that officer four days thereafter, and give his deposition to be used in a case pending in Lyon county. He went back to his residence in Osage county, and, failing to return to Lyon county in obedience to the subpoena, was attached and adjudged guilty of contempt. Thus it will be seen that the case was exactly the same in principle as the case at bar. Held, on habeas corpus, that Hughbanks was not obliged to obey the subpoena, and that the judgment for contempt and his imprisonment thereunder were illegal.

It is said by the relator in his brief that the court in that case relied upon the fact that the proper amount of witness fees had not been tendered, which was not true in the case at bar; but this was not the theory upon which the Hughbanks case was tried. While it is true that in that case the witness had returned to his home county, and the court stated that he would be obliged to return to Emporia, the place where the court was held, and that the suggestion that he would be entitled to mileage fees for going and returning was correct, and that he would not be in contempt for the reason that such fees had not been tendered, yet the court concludes:

"In our opinion, however, the matter of tender was not involved in the proceeding, as the petitioner was not obliged to obey the subpoena, and therefore we must hold his imprisonment to be illegal."

The same principle, in effect, was decided in *Henry v. Rickets,* 11 Fed. Cas. No. 6386.

The attorney for the relator urges with great force and energy that the administration of justice will be crippled if witnesses, under such circumstances, cannot be compelled to attend and testify; but this subject must be relegated to the legislature, and in the absence of legislative action, such authority does not exist.

The writ will be denied.

FULLERTON, C. J., and HADLEY, MOUNT, and ANDERS, JJ., concur.