JAMES MCANARNEY V. WILLIAM CAUGHENAUR.

1. ACTION *for Assault and Battery; Venue.* A civil action for an assault and battery may generally be commenced in any county in which the defendant may be summoned.

2. ASSAULT AND BATTERY—*Action in County Where Committed.* . Where A. is attending a contest instituted by C. before the local U. S. land officers in a county other than the county in which A. resides, and A. is attending such contest both as a suitor and as a witness, but is doing so voluntarily and not in obedience to any subpena, or in obedience to any compulsory process, and while so attending such contest he commits an assault and battery upon C., *held,* that C. may immediately, and in the county where the assault and battery are committed, commence a civil action against A. therefor.

*Error from Pawnee District Court.*

ACTION by *Caughenaur* against *McAnarney,* to recover damages for an assault and battery. Trial by the court, at the December Term, 1883, and judgment for the plaintiff for $1,000 and costs. New trial denied. The defendant brings the case here. The opinion contains a sufficient statement of the case.

*W. J. Fuller,* for plaintiff in error.

*Van Winkle & Vernon,* and *L. H. Corse,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was a civil action for an assault and battery, commenced by William Caughenaur in the district court of Pawnee county against James McAnarney, who resided in Rice county; and the only question presented to this court is whether the action was commenced in the proper county, or not. The plaintiff claims that it was, but the defendant claims that it was not. The question whether the action was brought in the proper county, or not, was presented to the

court below upon an agreed statement of facts, the material portions of which read as follows:

"It is hereby agreed by and between the parties to this above-entitled action, that on the 20th day of November, 1882, the plaintiff in said cause commenced a contest suit against the defendant in this suit, which contest was commenced in the U. S. land office in Larned, Pawnee county, Kansas, and against the homestead entry of the said defendant lying and situated in Rice county, Kansas. Afterward, about the 16th day of December, 1882, the plaintiff, as contestor, and the defendant, as contestee, appeared at the city of Larned, in the said U. S. land office, for the purpose of contest, and defendant appeared to said contest in compliance with the due and ordinary notice which had been previously served upon him, the defendant, in Rice county, of the commencement and pending of said contest suit.

"It is further agreed, that about November 16, 1882, and while the defendant was attending said contest suit as a witness and suitor in his own behalf, the alleged assault and battery out of which this present suit grew, occurred in Larned, Kansas.

"And it is further agreed, that while defendant was so attending said contest suit in said U. S. land office, he was served with summons in this cause in Larned, Kansas, and this present cause was commenced against him.

"It is further admitted and agreed by the parties hereto, that neither the said U. S. land office nor the officers thereto have authority of a compulsory character to compel the attendance of witnesses or suitors in contest causes before the said U. S. land office."

The statute under which this action was commenced is § 55 of the civil code, which reads as follows:

"SEC. 55. Every other action must be brought in the county in which the defendant, or some one of the defendants, reside or may be summoned."

This statute is limited to some extent in its operation by § 337 of the civil code, which reads as follows:

"SEC. 337. A witness shall not be liable to be sued in a county in which he does not reside, by being served with a summons in such county, while going, returning or attending, in obedience to a subpena."

Also by § 22 of article 2 of the constitution, which reads as follows:

"SEC. 22. For any speech or debate in either house, the members shall not be questioned elsewhere. No member of the legislature shall be subject to arrest, except for felony or breach of the peace, in going to or returning from the place of meeting, or during the continuance of the session; neither shall he be subject to the service of any civil process during the session, nor for fifteen days previous to its commencement."

See also § 63 of the election laws, which reads as follows:

"SEC. 63. All judges, clerks and voters shall be free from arrest, except for felony and breach of the peace, in going to, attending on, and returning from, elections."

The courts also hold that whenever a person has been induced by fraud or by any improper influence to go into a county other than the county of his residence for the purpose that service of summons may be there had upon him, such person may have such service set aside as an abuse of judicial process.

It will be perceived that under the provisions of § 55 of the civil code the plaintiff in an action like this may commence his action wherever the defendant "may be summoned," without reference to where he resides; and none of the exceptions or limitations furnished by any of the statutes, or by the constitution, or by judicial decisions, seem to be applicable to this case. The only thing upon which the defendant relies to take this case out of the provisions of § 55 of the code is, that at the time when this action was commenced at Larned against him he was there attending a contest case before the local land U. S. officers, both as a suitor and as a witness. But we cannot see how that would take the case out of the statute. The defendant was not attending such contest in obedience to any subpena or in obedience to any compulsory process, and he had no reason to fear that any compulsory process would issue against him requiring him to so

*1. Assault and battery; action; venue.*

*2. Action for assault and battery, in county where committed.*

attend. He was there voluntarily at the time, and before the plaintiff's cause of action arose against him. And it was because of his own wrongs, his own assault and battery upon the plaintiff, that the plaintiff's cause of action did arise. Nor was he at Larned because of any fraud on the part of the plaintiff, or on account of any act of the plaintiff which had for its object the service of the summons which was finally served upon him. We think that said § 55 of the civil code governs in the present case, and that the defendant was rightfully sued in Pawnee county.

The judgment of the court below will be affirmed.

All the Justices concurring.