(75 N. W. Rep. 807.)

---

### FRANK HICKS *vs.* F. O. BESUCHET.

Opinion filed May 10th, 1898.

**Special Appearance—Jurisdictional Objections.**

> This action originated in a Justice's Court of Barnes county, and the summons therein was personally served upon the defendant within the County of

Barnes. Upon the return day, the defendant, appearing specially for the purpose, moved to dismiss the action on the ground of an irregular service of the summons upon the defendant. It appeared by the affidavits filed in support of the motion that the defendant, at the time the summons was served upon him, was a resident of the County of Ransom, in this state, and that on the day of such service the defendant came into Barnes County in the capacity of a witness, and also as a party, in good faith, to attend the trial of an action then pending in the District Court for the County of Barnes, and in which the defendant, prior to the service of the summons, but on the same day, testified as a witness. The motion to dismiss the action was denied. *Held*, that such ruling was erroneous. The immunity from service of a civil process which is awarded to a suitor or a witness who resides in another state, and who in good faith comes into this state to attend court as a witness or a party, is extended to non-residents of the county in which the same is made. The same considerations and grounds of public policy apply equally to both classes of non-residents.

## Non-Residents Exempt from Process While Attending Court.

The common-law rule which protected suitors from arrest on civil writs while in attendance upon judicial proceedings has been enlarged by modern authority, and will now afford full protection to suitors and witnesses who are non-residents of the state or county from all forms of process of a civil nature during their attendance before any judicial tribunal, and for a reasonable time in going and returning.

Appeal from District Court, Barnes County; *Glaspell*, J.

Action by Frank Hicks against F. O. Besuchet. Plaintiff had judgment in the Justice Court, and defendant appeals from a judgment of the District Court affirming the judgment of the Justice Court.

Reversed.

*Morrill & Engerud*, for appellant.
*Young & Burke*, for respondent.

WALLIN, J. The facts which will control the decision of this case in this court, as disclosed by the record, may be briefly stated: The action originated in a Justice's Court of Barnes County, and the summons therein was personally served on the defendant in said county on the 19th day of June, A. D. 1897. On the return day, and before any other action was had in the case, the defendant, by his attorney, made a special appearance, and moved to dismiss the action upon the ground of an irregular

service of the summons upon the defendant. The motion was based upon an affidavit made by the defendant's attorney and filed with the justice. A counter affidavit was filed by the attorney for the plaintiff. There is no material conflict in the statement of facts embraced in the two affidavits. It clearly appears that at the time the summons was served on the defendant he was a resident of the County of Ransom. This fact is stated explicitly in both of the affidavits, and is not anywhere attempted to be denied. Defendant's affidavit states that the defendant, at the request of his attorney, left his home in Ransom County, and came to the City of Valley City, in said County of Barnes, on the day the summons was served upon him, and that the defendant came to Valley City on said day for the sole purpose of being present as a suitor and as a witness in his own behalf in certain civil actions then pending in the District Court for Barnes County, in which actions certain parties were respectively plaintiffs and this defendant was defendant; and at least one of said actions was tried in the District Court at Valley City on that day, and the defendant herein was sworn and examined as a witness therein. After said trial, and on the same day, this defendant was served with the summons herein at Valley City, and thereafter took the first regular train for his home in Ransom County. None of these facts are denied by any affidavit or showing made before the justice. The motion was denied, and, after saving an exception to the ruling, the defendant filed an answer, and thereafter cross-examined the plaintiff's witnesses. Judgment was entered by the justice in favor of the plaintiff in the sum of $24.25. From such judgment the defendant appealed to the District Court for Barnes County upon questions of law alone, specifying in his notice of appeal as errors of law the refusual of the justice to grant defendant's motion to dismisss the action; also that the evidence offered before the justice did not establish a *prima facie* case. The latter ground of the appeal seems to have been ignored in the District Court, and we regard the same as untenable under the existing practice. The action of the

District Court in the case is evidenced by an order as follows: "The court is constrained to place upon the affidavits the same decision as that made by the justice. There is not satisfactory evidence that Besuchet did not reside in Barnes County on the day these actions were brought, or that he was induced to come into the jurisdiction of the court by an artifice, or that he was served while in attendance upon the District Court. The affidavit further shows that, if such was true, that he waived his privilege, if any he had, by express consent. The appeals are accordingly dismissed, and judgment is ordered to be entered accordingly, with costs to be taxed according to law." No judgment was entered dismissing the appeal, but, on the contrary, the District Court entered judgment affirming the judgment entered on the merits by the justice of the peace, with costs in the District Court added. From such judgment defendant has appealed to this court.

The point that the judgment entered in the District Court does not conform to the order for judgment is not raised by counsel, and we shall therefore pass it over, especially as it appears from the order itself that the District Court considered only the merits of the question arising upon the motion to dismiss the action as made before the justice.

Reverting to the order of the District Court above set out, the same seems to have been inadvertently made. It is true that the defendant was not induced to come into the County of Barnes by any artifice. There is no such claim made by the defendant. As has been seen, it conclusively appears that the defendant at the request of his counsel, came to Valley City from his home in Ransom County on the day he was served with the summons for the purpose of attending upon a trial or trials of certain actions in which he was a party, pending in the District Court therein, one of which was actually tried on that day in Valley City, and defendant testified therein as a witness; after which, on the same day, he was served with the summons in this action, said service being made before the first regular train started from

Valley City upon which defendant could return to Ransom County. Nor can we understand upon what ground the statement is made in the order that defendant had waived his privilege, *i. e.* his immunity from service of process while in Valley City. The only foundation for such finding is contained in the affidavit of plaintiff's counsel, which was filed with the justice in opposition to the motion to dismiss the action. Upon this feature of the case the affidavit is as follows: "E. T. Burke, being duly sworn, deposes and says that he is one of the attorneys for the plaintiff herein, and has read the affidavit of Edward Engerud relating to the appearance of F. O. Besuchet at the trial of three certain actions in the District Court in Barnes County, N. D., at the time of the service of the summons in this action. Affiant further states that Edward Engerud came into the office of Young & Burke in the afternoon of the 19th day of June, 1897, and was talking with affiant regarding the settlement of the claims in suit in District Court, in which this affiant is one of the attorneys for plaintiff. At that time said Edward Engerud stated that he would find F. O. Besuchet, and bring him into the office; and that, if we could not reach a settlement, that we might serve 'any papers' on him which we pleased. On the same day, and a few minutes afterwards, the said Besuchet was in the office of affiant, and then and there admitted service of a summons and complaint in District Court in the case of *Straw & Ellsworth Mfg. Co.* v. *F. O. Besuchet.* Affiant further states that he is well acquainted with the residence of F. O. Besuchet, and that said Besuchet, during the year 1896, resided at Leal, Barnes County, N. D., until November 3, 1896, on or about which date he removed to Lisbon, Ransom County, N. D., where he has since resided and now resides." As we read this affidavit, counsel for the respective parties to certain District Court actions, three in number, were negotiating for a compromise and settlement of "the claims in suit in the District Court." It does not appear that any other claims or actions were mentioned at that interview. It is certain that the case at

bar was not then commenced, nor does it appear that the grounds of this action were mentioned in the negotiations of counsel, nor that the defendant had at that time employed counsel to defend him in the case at bar or in any action then begun or contemplated in any Justice's Court. Besides this, it appears that the papers which were then and there served were in a certain action in the District Court, the service of the summons in this case not being then made, nor made until later in the day. In this affidavit we discover no agreement on the part of any one to waive any legal right or privilege which defendant had with respect to this action. It is not pretended that the defendant personally waived any rights in this action, and it does not appear that any person was authorized to represent him. At most, the alleged waiver was a mere oral stipulation, which, if made by counsel regularly retained in the case, would not bind the defendant where the same is repudiated, as is done here. Revised Codes, section 429, subsection 2. It seems clear, therefore, that said order of the District Court was made under a misapprehension of the facts. Upon the merits of the motion made before the justice of the peace to dismiss the action, the defendant was clearly right. The action should have been dismissed then and there upon the grounds set out in both affidavits. The later authorities are explicit that the immunity from the service of process upon the state, is enjoyed equally with a nonresident of the state who in good faith comes within the state to attend upon the trial of an action, whether such non-resident is a litigant or a witness. In this case the defendant, at the time he was served with process, was in the County of Barnes in both capacities. *Letherby* v. *Shaver*, 73 Mich. 500, 41 N. W. Rep. 677; *Wilson* v. *Donaldson*, 117 Ind. 356, 20 N. E. Rep. 250; *Palmer* v. *Rowan*, 21 Neb. 452, 32 N. W. Rep. 210; *Bank* v. *Ames*, 39 Minn. 179, 39 N. W. Rep. 308; *Andrews* v. *Lembeck*, 46 Ohio St. 38, 18 N. E. Rep. 483. In *Palmer* v. *Rowan, supra*, the court say: "At common law, parties and witnesses attending in good faith any legal tribunal were priviledged from arrest on civil process during their attend-

ance, and for a reasonable time in going and returning." In *Wilson* v. *Donaldson*, *supra*, the grounds of these decisions are succinctly stated by Chief Justice Elliott as follows: "It is his privilege, under our laws, to testify in his own behalf; and this privilege should not be burdened with the hazard of defending other actions in our forums. Our own citizens will often derive a substantial benefit from the personal appearance of a nonresident defendant, since it may enable them to obtain a personal judgment which else were impossible. If citizens of other states are allowed to come into our jurisdiction to attend courts as parties or witnesses, and to freely depart from it, the administration of justice will be best promoted, since a defendant's personal presence is often essential to enable his counsel to justly conduct his defense. The principal of state comity, too, demands that a citizen of another state, who submits to the jurisdiction of our courts, and here wages his forensic contest, should not be compelled to do so under the limitation and obligation of submitting to the jurisdiction of our courts in every case that may be brought against him. While coming and departing, as well as while actually in necessary attendance at court, he should be free from the hazard of being compelled to answer in other actions." It follows, under the rule of law applied by these authorities, that the justice of the peace erred in denying defendants motion to dismiss the action, and the District Court erred in entering judgment for the plaintiff on the merits. Such judgment will be vacated, and judgment entered below dismissing the action, with costs to the defendant. All the judges concurring.