IRON DYKE COPPER MIN. CO. v. IRON DYKE R. CO. et al.

(Circuit Court, D. Oregon. August 4, 1904.)

No. 2,841.

1. PROCESS—PRIVILEGE FROM SERVICE—ATTENDING COURT AS WITNESS.
    A defendant cannot claim exemption from the service of process on the ground that he was within the jurisdiction as a witness in a suit in a state court in which he was a plaintiff, where such suit was in furtherance of the alleged actionable wrong for which the plaintiff sues.

On Motion by Defendants to Quash Service.

Williams, Wood & Linthicum, for plaintiff.

Zera Snow and Wallace McCamant, for defendants Conrad and Curtze.

BELLINGER, District Judge. In this case the defendants Conrad and Curtze enter a plea of special privilege, and move to quash the service of subpœna upon them upon the ground that their presence within the jurisdiction at the time of service was to attend the foreclosure of a mortgage in the state court; the contention being that their presence was necessary as plaintiffs and witnesses in such case, and that, while so here, they are exempt from the service made upon them in this suit. It is contended against the motion that this exemption only exists in favor of witnesses for the defendant, and that it does not exist in any case in favor of a plaintiff. The conclusion which I have reached makes it unnecessary to decide this question. It appears that these defendants had organized a corporation and made surveys for the purpose of acquiring valuable franchises, in violation, as is alleged, of the rights of the Iron Dyke Copper Mining Company, and that they were so engaged at the time of the service upon them. In such a case the defendants are not entitled to plead the exemption claimed for them. It is urged in their behalf, it is true, that their object in forming the corporation and in taking steps to secure the franchises in question is for the purpose of subserving their rights involved in the suit on account of which the exemption is claimed; but it is in respect of these very matters that this suit is brought. If the plaintiff has a cause of action against these defendants growing out of acts committed to its injury in this state, it necessarily follows that they are not exempt from service while engaged in the commission of such acts. It is self-evident that an actionable wrong cannot exempt a party from service in an action in respect to it.

The motion to quash the service is denied.