A. F. UNDERWOOD v. HENRY F. FOSHA *et al.*

No. 14,548.    (85 Pac. 564.)

SYLLABUS BY THE COURT.

SERVICE OF PROCESS—*Exemptions.* A resident of this state while in attendance upon a federal court in a county other than that of his residence, either as a party or as a material witness, although not under subpœna, is *exempt from the service of a summons in an action brought in that county.

Error from Wyandotte district court; J. MCCABE MOORE, judge. Opinion filed April 7, 1906. Affirmed.

*George E. Stoker*, for plaintiff in error.

*Loomis, Blair & Scandrett*, and *Robert J. Brock*, for defendants in error.

The opinion of the court was delivered by

MASON, J.: While Henry F. Fosha and Henry Quantic, residents of Riley county, were in Wyandotte county for the purpose of being present at the trial—the one as a defendant and the other as a material witness—of a case pending in the federal circuit court in which A. F. Underwood was the plaintiff, they were served with summons in a new action brought against them by Underwood in the district court of Wyandotte county upon a promissory note executed by Fosha and indorsed by Quantic. They appeared specially and moved that the service upon them be set aside upon the ground that while outside of the county of their residence in attendance upon a court in the capacities stated they were exempt from being sued. The motion was allowed, and the plaintiff prosecutes error.

It is a familiar rule of law, generally although not universally accepted, that apart from any statutory immunity all non-residents of a county in which they are attending court proceedings, either as litigants or witnesses, are privileged from civil arrest or the service of summons while there upon that business. Cases bearing upon this question are collected in a note at page 721 of volume 25 of the Lawyers' Reports, Annotated, and under the title "Process," in volume 40 of the Century edition of the American Digest, sections 148 and 150. The reason of the rule is that the efficient administration of justice in the courts is promoted by encouraging the personal attendance upon trials not only of the parties in interest but of other witnesses as well, the removal of the risk of being put to the inconvenience of defending a lawsuit away from home being manifestly a substantial contribution to this end. In this connection it was said, in *Ela v. Ela,* 68 N. H. 312, 36 Atl. 15:

"The right to take the deposition of a non-resident witness does not answer the requirements of justice.

It is often indispensable to a just decision of a cause, and is always desirable, that testimony shall be given orally in open court. The triers are more likely to understand the testimony fully and correctly. The appearance of the witness aids materially in forming a correct judgment of the credibility and weight of his testimony. All the issues of fact that may arise at the trial can seldom be foreseen. A fact within the knowledge of a witness may appear to be so foreign to the case when his deposition is taken that it is not deemed worth while to question him upon it, and yet the course of the trial may be such that it is the fact which will control the verdict. (See *Metcalf v. Gilmore,* 63 N. H. 174, 186-189.) Every reasonable facility should therefore be provided for obtaining the attendance of witnesses in person.

"These and other considerations have led to the establishment, quite generally, of the doctrine that non-resident witnesses are privileged from liability to be sued while attending the trial, and going to and returning from it." (Page 313.)

There is no doubt that the later and just tendency of the courts is to extend rather than to restrict the privilege referred to. So far as the case of Quantic, the defendant in the first action, is concerned, the ruling of the trial court may be affirmed upon the authority of *Bolz v. Crone,* 64 Kan. 570, 67 Pac. 1108. It was there held:

"A witness or suitor in necessary attendance in court, either in his own behalf or under process, outside the territorial judicial jurisdiction of his residence, is exempt from civil arrest and service of summons while in attendance upon such court and while going to or returning therefrom." (Syllabus.)

It is suggested that that decision was affected by the fact that the conduct of the plaintiff, as stated in the opinion, amounted to an abuse of judicial process, inasmuch as the defendants when served with summons were in attendance upon the court not for the purpose of any trial upon the merits but merely to procure the setting aside of a wrongful service previously made upon them. This feature of the case, however,

was only incidentally mentioned, and the conclusion reached was not based upon any theory of bad faith or fraud.

The general rule stated, and the rule announced in *Bolz v. Crone, supra,* would be equally conclusive upon the question of the sufficiency of the service upon Fosha if he had been in compulsory attendance upon the court in virtue of having been served with a subpœna. Such, however, was not the case. He lived more than 100 miles from the place of trial, and his attendance as a witness could not have been compelled. The great weight of authority is to the effect that in the absence of an express statute controlling the matter the same protection is to be extended to one who comes voluntarily to give his testimony as to a witness brought in by process. (See the cases already referred to, and also those cited in 16 A. & E. Encycl. of L. 42.) Our civil code, however, contains this provision:

"A witness shall not be liable to be sued in a county in which he does not reside, by being served with a summons in such county while going, returning or attending in obedience to a subpœna." (Code, § 337; Gen. Stat. 1901, § 4785.)

There is obviously plausible ground for contending that this specific grant of immunity to a witness who is acting in obedience to a subpœna implies that a mere volunteer is to be excluded from the privilege. Such seems to be the interpretation placed upon the same statutory language in Kentucky and South Dakota. (See *Currie Fertilizer Co. v. Krish,* 74 S. W. [Ky.] 268, and *Malloy v. Brewer,* 7 S. Dak. 587, 64 N. W. 1120, 58 Am. St. Rep. 856.) In Kentucky, however, there are various other provisions of the statute relating to such exemptions, from which it may fairly be gathered that there was a legislative purpose to cover the entire subject-matter, while a necessary corollary of the doctrine announced in *Bolz v. Crone,* 64 Kan. 570, 67 Pac. 1108, is that such is not the case here, but, as suggested in *Cooper v. Wyman,* 122 N. C.

784, 29 S. E. 947, 65 Am. St. Rep. 731, the section of the code quoted must be held "not to be an implied repeal of the common-law exemption, but a statutory declaration of it *pro tanto*." The construction placed upon the statute by the South Dakota court in the case cited is influenced by other sections in terms making code provisions exclusive in all matters to which they relate. But even in that case it was held that the section referred to had no application to non-residents of the state, and that such persons were protected during their attendance as witnesses, although not under subpœna.

On the other hand, expressions made use of by the courts of Nebraska and of North Dakota, in the statutes of each of which states the section quoted is found, seem to suggest a contrary view, although the question appears not to have been directly passed upon. (See *Linton v. Cooper*, 54 Neb. 438, 74 N. W. 842, 69 Am. St. Rep. 727, and *Hicks v. Besuchet*, 7 N. Dak. 429, 75 N. W. 793, 66 Am. St. Rep. 665.) In the Nebraska case a non-resident of the state was held to be exempt from the service of summons while voluntarily attending court as a witness. In the North Dakota case the same rule was applied to a resident of the state who was a non-resident of the county, but although spoken of as a voluntary witness the person concerned was also in fact a suitor. In neither case was this provision of the statute referred to.

In *McAnarney v. Caughenaur*, 34 Kan. 621, 9 Pac. 476, it was held that a good service of summons might be made upon one who was attending a hearing in a United States land-office contest in a county other than that of his residence, the action being for the recovery of damages for an assault and battery committed by him during such attendance. In the opinion reference was made to the fact that he was not under subpœna, but this consideration could not have been controlling, as the defendant was a suitor in the contest case as well as a witness. That the action was founded upon

Underwood v. Fosha.

a wrong committed in the county where the action was brought, and during the period for which immunity was claimed, doubtless afforded sufficient ground for holding the service good. (See, in this connection, *Mullen v. Sanborn and Mann,* 79 Md. 364, 29 Atl. 522, 25 L. R. A. 721, 47 Am. St. Rep. 421, and *Iron Dyke Copper Min. Co. v. Iron Dyke R. Co. et al.,* 132 Fed. 208.)

We cannot believe that it was the purpose of the legislature in adopting the section in question to restrict, instead of to preserve, the privilege of a witness living in Kansas, by denying him all immunity from process while voluntarily attending a trial outside of his own county, when but for such enactment he would enjoy the same exemption as a non-resident of the state could claim under the same circumstances. The reason for the rule that persons living outside of the state cannot be sued while here to give testimony before a court is that they may be encouraged to come into the state for that purpose voluntarily, inasmuch as they cannot be required to do so. (*Henry B. Sherman v. W. L. Gundlach,* 37 Minn. 118, 33 N. W. 549.) In *Christian v. Williams,* 111 Mo. 429, 20 S. W. 96, this principle was held not to apply to the case of a resident of the state who attends as a witness a trial outside of his home county, for the reason that in Missouri a subpœna may be issued to any county in the state. But in Kansas it applies with full force, for under our statute no one can be compelled to leave the county of his residence in obedience to a subpœna in a civil case. (*In re Hughbanks, Petitioner,* 44 Kan. 105, 24 Pac. 75.)

We conclude that the service of summons upon Fosha, as well as that upon Quantic, was properly set aside, and the judgment is affirmed.

All the Justices concurring.