## HUME et al. v. CRAGIN et al.

No. 6893—Opinion Filed June 27, 1916.

Rehearing Denied Oct. 31, 1916.

(160 Pac. 621.)

### Venue—Objections—Waiver.

Where an action which, under the terms of section 4673, Rev. Laws 1910, should have been commenced in a county in which the cause, or some part thereof, arose is improperly commenced in some other county a question of venue arises, which may be waived, and if the defendants thus improp-

erly sued in the wrong county, instead of confining their objection to that of having been sued in the wrong county, file demurrers presenting other grounds than that of the venue they thereby waive the objection that they have been improperly sued in the wrong county and submit themselves to the jurisdiction of the court of the county in which the action was commenced, that court having jurisdiction of the action in other respects.

(Syllabus by Wilson, C.)

Error from District Court, Noble County; W. M. Bowles, Judge.

Action by F. E. Cragin against Elsworth Hume and others. Judgment for plaintiff, and certain defendants bring error. Affirmed.

H. J. Sturgis, for plaintiffs in error.

Dale & Bierer, for defendants in error.

Opinion by WILSON, C. Defendant in error F. E. Cragin, as plaintiff, sued the plaintiff in error Elsworth Hume and others, for the recovery of a money judgment, alleging, in substance, that on and subsequent to August 3, 1910, Samuel C. Campbell was sheriff of Garfield county, Okla.; that on said 3d day of August, 1910, the plaintiff sued another in the district court of Noble County, Okla., to recover a money judgment, and that in said action an attachment was issued out of the office of the clerk of that court, commanding the sheriff of Garfield county to levy the same on the property of the defendant; that pursuant to said order said Campbell, as sheriff, levied on 300 bushels of wheat of the value of $234, belonging to the defendant in Garfield county, and made due return of his proceedings to the court; that thereafter the defendant in this action, Tony Wright, and another, intervened in said action claiming to own said wheat; that thereafter judgment was rendered in said action in favor of the plaintiff and adverse to the defendant therein and to the interveners and sustaining the attachment and ordering the attached wheat sold by the sheriff of Garfield county. It was further alleged that the defendant Elsworth Hume was elected sheriff of Garfield county at the fall election in 1910 and qualified as such and assumed the office in January, 1911; that in July, 1912, an order of sale was issued out of the office of the clerk of the district court of Noble county in said action, commanding the sheriff of Garfield county to sell the said 300 bushels of wheat, and same was placed in the hands of Elsworth Hume, as sheriff of Garfield county, for execution; that said Elsworth Hume, as sheriff, made return of said order of sale to the effect that he had gone on the land on which said wheat had been located and did not find the property; and that no sale thereof had been made. It was further alleged that at the time said Hume assumed the office of sheriff the wheat was in the bin in Garfield county and was in good condition; that it was the duty of said former sheriff, Samuel Campbell, while he was sheriff, to take care of, protect, and keep said attached wheat to abide the judgment of the court and to turn the same over to said Hume on his assuming said office, and that it was the duty of said Hume to receive said wheat and safely keep it subject to the order of the court; that said Campbell, as sheriff, and said Hume, as sheriff, being obligated as aforesaid, did, on or about the —— day of January, 1912, fail and neglect to properly care for said wheat and hold the same as by the said writ of attachment required and as they were required by the law to do; that said defendant Tony M. Wright was, by said Samuel C. Campbell and said E. Hume, sheriffs as aforesaid, and by their neglect to perform their duty, permitted and enabled to and did take and remove the said wheat and dispose of it and convert it to his own use and deprive the plaintiff thereof.

To this petition the defendant Hume filed his demurrer on the alleged grounds: First, that the court was "without jurisdiction of the person of said defendant Elsworth Hume and his bondsmen and without jurisdiction of the subject-matter of the above-entitled action to hear, determine, or try the same"; and, second, that there was a "misjoinder of parties defendant." The other defendants, except Campbell and Wright, filed similar demurrers. The court overruled the demurrers, and it is from the order overruling the demurrers and rendering judgment for the plaintiff that this appeal is instituted.

Section 4673, Revised Laws 1910, provides:

"Actions for the following causes must be brought in the county where the cause, or some part thereof, arose: * * *

"Second, an action against a public officer for an act done by him in virtue, or under color of his office, or for neglect of his official duties.

"Third, an action on the official bond or undertaking of a public officer."

The action was one which came within the terms of subsections 2 and 3 of the section of the statute partly quoted above, and could have been properly commenced only in Garfield county; but the question raised by this appeal is one of venue, rather than one of jurisdiction of the subject-matter of the action or of the jurisdiction of the court

to render a judgment of the nature of the one sought to be recovered. The defendant Hume and his bondsmen had the right to object to being sued in Noble county, but their right to so object was a personal one which could be waived by them, and did not involve the jurisdiction of the court to render the judgment sought to be recovered in the action after having been vested with jurisdiction over the persons of the defendants, to wit, Hume and his bondsmen. 40 Cyc. 111.

Had the defendants availed themselves, in the proper manner, of their privilege not to be sued in Noble county, a different question would have been presented, and the court would probably have erred had it attempted to retain jurisdiction to try and determine the case as against the objecting defendants; but instead of confining themselves to an objection to the district court of Noble county taking jurisdiction of the case because it had not been brought in the county in which the cause, or some part thereof, arose, the defendants filed a demurrer presenting other grounds than that of the venue of the action, thereby waiving the objection that they had been improperly sued in Noble county, and conferring jurisdiction on the court, of their persons, to hear and determine the cause and render the judgment appealed from. 40 Cyc. 113; Lindley v. Kelly, 47 Okla. 328, 147 Pac. 1015.

The only question presented for the consideration of this court by the plaintiff in error in his brief being that of the venue of the court which tried the case, and it appearing, as we have seen, that the defendants waived in the lower court their right not to be sued in Noble county and submitted themselves to the jurisdiction of the court, we recommend that the judgment be affirmed.

By the Court: It is so ordered.