**BEARMAN et al. v. HUNT, County Judge, et al.**

No. 8637—Opinion Filed April 2, 1918.

(171 Pac. 1124.)

(Syllabus.)

1. **Process — Exemption from Service — Witness.**

One who is in good faith attending court as a material witness, or as a suitor, in a county other than that of his residence, is exempt from service of summons in an action brought in that county, though his attendance is not in obedience to a subpoena.

2. **Process—Summons—County.**

If service of summons is not legally obtained on one of several defendants, in the county where the action is brought, a summons cannot be issued thereon to any other county, and there be legally served on any one or more of the codefendants.

Error from District Court, Wagoner County; Chas. G. Watts, Judge.

Suit by W. T. Hunt, County Judge of Wagoner County, Okla., trustee for Melissa Byrd, and by Melissa Byrd, in her own right, against J. A. Bearman and others. Judgment for plaintiffs, and defendants bring error. Reversed, with instructions.

F. B. Righter, for plaintiffs in error.

P. L. Newton, for defendants in error.

TISINGER, J. On December 8, 1914, defendants in error, W. T. Hunt, county judge of Wagoner county, trustee for Melissa Byrd, and Melissa Byrd, in her own right, filed suit in the district court of Wagoner county, against the plaintiffs in error, J. A. Bearman, A. L. Law, L. T. Tryon, and F. B. Righter, as defendants, to recover on a joint and several promissory note given by the defendants to the county judge of Wagoner county, Okla. On the same day the suit was filed, summons was issued out of said court and served on the defendants Bearman, Tryon, and Righter, and they each afterwards made special appearance and filed their sep-

arate motions to quash the issuance and service of such summons, on the ground that, at the time the summons was issued and served in Wagoner county, they were residents of Tulsa county, and were attending district court in Wagoner county, as material witnesses and parties litigant in cases pending in that court. The motion of each of said three defendants to quash the issuance and service of the summons on him was supported by his affidavit corroborating the allegations contained in his motion and was uncontroverted.

These facts show that all of the defendants were residents of the town of Broken Arrow in Tulsa county at the time they were served in Wagoner county with the summons on the 8th day of December, 1914. The defendant Bearman was at that time in attendance on the district court of Wagoner county, as one of the parties plaintiff in a case pending in that court, set for trial on that day. He was also in attendance on that court as a material witness in another case set for trial on the 7th and 8th days of December, 1914. The defendant Righter was also at that time in attendance on said court, as one of the parties plaintiff in a case pending in that court set for trial on that day. He was also in attendance on said court as a material witness in another case, pending in that court, and testified as such material witness on the 7th day of December, 1914. The defendant Tryon was at that time cashier of the Citizens' National Bank of Broken Arrow, and was in attendance on said court, and had with him the books and papers of the bank, for the purpose of using them and testifying as a material witness in a case pending in that court, set for trial and heard and disposed of on that day. The separate motions of these defendants, supported by their affidavits, were heard and overruled by the court. The defendants refused to further plead, and the court reserved final judgment in the case until after service of summons could be made on the remaining defendant, Laws. The defendant Laws was thereafter served with summons in Tulsa county, the county of his residence, and in due time entered his special appearance, and filed his separate motion supported by his affidavit, to quash the issuance and service of the summons on him, on the ground that the district court of Wagoner county had not acquired jurisdiction of the persons of his codefendants. The court overruled the motion of this defendant, and he refused to further plead. Whereupon the court adjudged all the defendants to be in

default and rendered judgment in favor of the plaintiffs and against all the defendants as prayed for.

The legal questions involved in this suit may be stated as follows:

Can a person be sued, in an ordinary action, in a county other than the county of his residence, while he is in good faith attending court in such other county, either as a material witness, or as a party litigant in pending litigation, provided he in a proper manner and at the proper time claims his exemption and immunity from service of summons in such county?

Article 4, vol. 2, Rev. Laws 1910, relates to the venue of actions, and, after a number of sections dealing with various classes of actions, section 4679 is as follows:

"Every other action must be brought in the county in which the defendant, or some one of the defendants, reside or may be summoned."

That statute seems to be limited by section 5064, Rev. Laws 1910, which reads:

"A witness shall not be liable to be sued in a county in which he does not reside, by being served with a summons in such county, while going, returning or attending, in obedience to a subpoena."

These statutes were a part of the Code of Civil Procedure of the state of Kansas, and were adopted by our territorial Legislature in 1893. They have remained a part of our statute law of Civil Procedure, unaltered and unchanged, until the present time.

It is the common-law rule that when a person is in good faith attending court, either as a litigant or witness, in a county other than that of his residence, he is privileged from the service of a summons in an action brought in that county. This privilege is extended to him while attending court and for such reasonable time, before and after, as may enable him to come from and return to his home, on the ground that justice requires the attendance of witnesses cognizant of material facts and that no unreasonable obstacles should be thrown in the way of their freely coming into court to testify, and that parties litigant should be free to prosecute or defend their actions in jurisdictions other than the county of their residence without being embarrassed and hampered by having suits filed against them while attending court for such purpose.

In the well-considered case of Underwood v. Fosha, 73 Kan. 408, 85 Pac. 564, 9 Ann. Cas. 833, the Supreme Court of Kansas, construing the statutes of that state, identical with the two statutes of this state, hereinbefore set out, as applied to facts similar to the facts in the case at bar, says:

"It is a familiar rule of law, generally although not universally accepted, that apart from any statutory immunity all nonresidents of a county in which they are attending court proceedings, either as litigants or witnesses, are privileged from civil arrest or the service of summons while there upon that business. Cases bearing upon this question are collected in a note at page 721 of volume 25 of the Lawyers' Reports, Annotated. and under the title 'Process,' in volume 40 of the Century edition of the American Digest, sections 148 and 150. The reason of the rule is that the efficient administration of justice in the courts is promised by encouraging the personal attendance upon trials not only of the parties in interest but of other witnesses as well, the removal or the risk of being put to the inconvenience of defending a lawsuit away from home being manifestly a substantial contribution to this end. In this connection it was said, in Ela v. Ela, 68 N. H. 312, 36 Atl. 15; 'The right to take the deposition of a nonresident witness does not answer the requirements of justice. It is often indispensable to a just decision of a cause, and is always desirable, that testimony shall be given orally in open court. The triers are more likely to understand the testimony fully and correctly. The appearance of the witness aids materially in forming a correct judgment of the credibility and weight of his testimony. All the issues of fact that may arise at the trial can seldom be foreseen. A fact within the knowledge of a witness may appear to be so foreign to the case when his deposition is taken that it is not deemed worth while to question him upon it, and yet the course of the trial may be such that it is the fact which will control the verdict. See Metcalf v. Gilmore, 63 N. H. 174, 186-189. Every reasonable facility should therefore be provided for obtaining the attendance of witnesses in person.' 'These and other considerations have led to the establishment, quite generally. of the doctrine that nonresident witnesses are privileged from liability to be sued while attending the trial, and going to and returning from it.' Page 313 of 68 N. H. (36 Atl. 15)."

Continuing, the court says:

"There is no doubt that the later and just tendency of the courts is to extend rather than to restrict the privilege referred to. * * *

"The great weight of authority is to the effect that in the absence of an express statute controlling the matter the same protection is to be extended to one who comes voluntarily to give his testimony as to a witness

brought in by process. See the cases already referred to, and also those cited in 16 A. & E. Encycl. of L. 42."

It is contended, however, by the plaintiffs in the instant case, that section 5064, Rev. Laws 1910, limits the exemption from suit in a county other than that of his residence to a person while going to, returning from, or attending court in such county in obedience to a subpoena.

This identical question was considered by the Kansas Supreme Court in the Underwood v. Fosha Case, supra, and, as the views therein expressed are in accord with the views of this court, we quote from it at length. The Kansas court quotes the Kansas statute (General Statutes 1901, § 4785), which is identical with section 5064, Rev. Laws 1910, and which reads as follows:

"A witness shall not be liable to be sued in a county in which he does not reside, by being served with a summons in such county while going, returning or attending in obedience to a subpoena."

And says:

"There is obviously plausible ground for contending that this specific grant * of immunity to a witness who is acting in obedience to a subpoena implies that a mere volunteer is to be excluded from the privilege. Such seems to be the interpretation placed upon the same statutory language in Kentucky and South Dakota. See Currie Fertilizer Co. v. Krish, 74 S. W. (Ky.) 268, and Malloy v. Brewer, 7 S. D. 587, 64 N. W. 1120, 58 Am. St. Rep. 856. In Kentucky, however, there are various other provisions of the statute relating to such exemptions, from which it may fairly be gathered that there was a legislative purpose to cover the entire subject-matter, while a necessary corollary of the doctrine announced in Bolz v. Crone, 64 Kan. 570, 67 Pac. 1108, is that such is not the case here, but as suggested in Cooper v. Wyman, 122 N. C. 784, 29 S. E. 947, 65 Am. St. Rep. 731, the section of the Code quoted must be held not to be an implied repeal of the common-law exemption, but a statutory declaration of it pro tanto.' The construction placed upon the statute by the South Dakota court in the case cited is influenced by other sections in terms making Code provisions exclusive in all matters to which they relate. But even in that case it was held that the section referred to had no application to nonresidents of the state, and that such persons were protected during their attendance as witnesses, although not under subpoena.

"On the other hand, expressions made use of by the courts of Nebraska and of North Dakota, in the statutes of each of which states the section quoted is found, seem to suggest a contrary view, although the ques-

tion appears not to have been directly passed upon. See Linton v. Cooper, 54 Neb. 438, 74 N. W. 842, 69 Am. St. Rep. 727, and Hicks v. Besuchet. 7 N. D. 429, 75 N. W. 793, 66 Am. St. Rep. 665. In the Nebraska case a nonresident of the state was held to be exempt from the service of summons while voluntarily attending court as a witness. In the North Dakota case the same rule was applied to a resident of the state who was a nonresident of the county, but although spoken of as a voluntary witness the person concerned was also in fact a suitor. In neither case was this provision of the statute referred to.

"In McAnarney v. Caughenaur, 34 Kan. 621, 9 Pac. 476, it was held that a good service of summons might be made upon one who was attending a hearing in a United States land office contest in a county other than that of his residence, the action being for the recovery of damages for an assault and battery committed by him during such attendance. In the opinion reference was made to the fact that he was not under subpoena, but this consideration could not have been controlling, as the defendant was a suitor in the contest case as well as a witness. That the action was founded upon a wrong committed in the county where the action was brought, and during the period for which immunity was claimed, doubtless afforded sufficient ground for holding the service good. See, in this connection, Mullen v. Sanborn & Mann, 79 Md. 364, 29 Atl. 522, 25 L. R. A. 721, 47 Am. St. Rep. 421, and Iron Dyke Copper Min. Co. v. Iron Dyke R. Co. et al. (C. C.) 132 Fed. 208.

"We cannot believe that it was the purpose of the Legislature in adopting the section in question to restrict, instead of to preserve, the privilege of a witness living in Kansas, by denying him all immunity from process while voluntarily attending a trial outside of his own county, when but for such enactment he would enjoy the same exemption as a nonresident of the state could claim under the same circumstances. The reason for the rule that persons living outside of the state cannot be sued while here to give testimony before a court is that they may be encouraged to come into the state for that purpose voluntarily, inasmuch as they cannot be required to do so. Henry B. Sherman v. W. L. Gundlach, 37 Minn. 118, 33 N. W. 549.

"In Christian v. Williams, 111 Mo. 429, 20 S. W. 96, this principle was held not to apply to the case of a resident of the state who attends as a witness a trial outside of his home county, for the reason that in Missouri a subpoena may be issued to any county in the state. But in Kansas it applies with full force, for under our statutes no one can be compelled to leave the county of his residence in obedience to a subpoena in a civil case. In re Hughbanks, Petitioner, 44 Kan. 104, 24 Pac. 75."

The views expressed in this opinion are in harmony with the decisions of this court in the cases of Clark v. Willis, 44 Okla. 303, 144 Pac. 587; Burroughs v. Cocke & Willis, 56 Okla. 627, 156 Pac. 196, L. R. A. 1916E, 1170; Hume et al. v. Cragin, 61 Okla. 219, 160 Pac. 621; Livengood et al. y. Ball et al., 63 Okla. 93, 162 Pac. 768, L. R. A. 1917C, 905, and Commonwealth Cotton Oil Co. v. Hudson et al., 62 Okla. 23, 161 Pac. 535.

Having determined that the motions of the defendants Bearman, Tryon, and Righter, to quash the issuance and service of summons on them, should have been sustained, it necessarily follows that the motion of the defendant Laws should also have been sustained, and the issuance and service of the summons as to him have been set aside.

Section 4706, Rev. Laws 1910, reads:

"Where the action is rightly brought in any county, a summons shall be issued to any other county against any one or more of the defendants, at the plaintiff's request."

As this action was, according to the views of this court, improperly brought in Wagoner county, and the three defendants served in that county with summons were illegally brought into court, it follows as a necessary corollary that the summons issued from the district court of Wagoner county and served on the defendant Laws in Tulsa county was not legally issued and served, and that the motion of the defendant Laws to quash the same should have been sustained.

The judgment of the trial court is therefore reversed, with instructions to quash the summons and the service thereof on each of the defendants.

All the Justices concur.