Harold F. SANTEE, Plaintiff in Error,

v.

Paul R. SIMON, individually, Elton C. La-
Pook, individually, and Paul R. Simon and
Elton C. LaPook, as Trustees of Oil Well
Pump Company, Inc., a corporation, Defend-
ants in Error.

No. 39807.

Supreme Court of Oklahoma.

July 23, 1963.

Charles A. Whitebook, Windell D. Knox, Tulsa, for plaintiff in error.

Gavin & King, Tulsa, for defendants in error.

PER CURIAM.

Plaintiff in error, to whom reference hereinafter is made as plaintiff, sued Oil Well Pump Company, Inc., Paul R. Simon and Elton C. LaPook, the latter two each individually and as trustees of the named corporate defendant, to which reference hereinafter is made as Company. Reference to the defendants in error Simon and LaPook hereinafter is made as defendants.

Basis of plaintiff's allegations was that Company and the other defendants breach-

ed a contract by the terms of which plaintiff was employed as an engineer.

The domicile and home office of Company and residence of the other defendants is Chicago, Illinois.

Plaintiff commenced his action in the lower court on January 6, 1961. Three days later defendants appeared in Federal Court in Tulsa and gave statements in open court, which, though not made under oath, were taken down by the official reporter of such court. The hearing upon which they were then in attendance was a pre-trial in that court of a suit of one Carlisle against Company.

Defendants, in affidavits, stated that Mr. Bell, Company's president, was detained in Chicago by other engagements; that he orally empowered LaPook, an officer of Company, and Simon, its general counsel, to appear as Company's indispensable witnesses, which they profess they were, at the Carlisle pre-trial; that before they had departed from the chambers of the Federal Court, a deputy sheriff had served them with summons in the case from which this appeal arises. They claim immunity.

Mr. Widdows, an attorney for Carlisle in the Federal case, gave testimony by affidavit that Company in that case was represented at the pre-trial by Mr. Gavin; " * * That at said pre-trial conference there appeared E. C. LaPook and Paul R. Simon. That neither E. C. LaPook nor Paul R. Simon were sworn as witnesses at said pre-trial conference nor was any sworn testimony given at said pre-trial conference, although both E. C. LaPook and Paul R. Simon made certain remarks and statements which were reported by the court reporter in attendance. That I had not issued subpoenas for the appearances at said pre-trial conference of either E. C. LaPook nor Paul R. Simon, nor are or were they or either of them parties to said litigation. * * *"

The Clerk of such Federal Court gave testimony by affidavit " * * * That neither on the appearance docket nor on the pleadings filed in said case in Federal Court does it appear that subpoenas were served on either E. C. LaPook or Paul R. Simon, ordering their appearance at a pre-trial conference held in said Court on January 9, 1961."

The court reporter of such court gave testimony by affidavit of effect that LaPook and Simon appeared at said pre-trial conference; that they "were not sworn as witnesses to testify at said conference nor was any sworn testimony given at said conference, although both E. C. LaPook and Paul R. Simon did make certain remarks and statements at said conference, all of which I duly and properly recorded."

The judge of the trial court sustained defendants' special appearance and motion to quash and discharged them from further participation in the action. Plaintiff appeals on the original record.

Plaintiff argues, upon the basis of the testimony of Mr. Widdows and of the clerk and court reporter, respectively, by affidavit, such not having been controverted by defendants, that the trial court erred in his action to which reference was last made.

Plaintiff refers to our statute, 12 O.S. 1951 (now 1961) § 399. It is of provision as follows:

"A witness shall not be liable to be sued in a county in which he does not reside, by being served with a summons in such county, while going, returning or attending, in obedience to a subpoena."

In the case of Bearman v. Hunt, County Judge, et al., 68 Okl. 96, 171 P. 1124, this Court said:

"One who is in good faith attending court as a material witness, or as a suitor, in a county other than that of his residence, is exempt from service of summons in an action brought in that county, though his attendance is not in obedience to a subpoena."

Plaintiff seeks to distinguish that expression from the present situation because of his belief that defendants were not witnesses "under either a strict or liberal in-

terpretation of the statute, and therefore are not by reason of the statute immune from service." He emphasizes his view that they were not subpoenaed, did not attend as witnesses, and were not sworn. He says the Federal "pre-trial procedure rules provide only that the Court may order the attorneys for the parties to appear at the pre-trial conference," and that defendants' appearance was voluntary and for the purpose of "assisting the attorney of a party litigant" not "in the performance of" a duty "required by public process."

Plaintiff relies upon the case of Brooks v. State of Delaware, 3 Boyce (26 Del.) 1, 79 A. 790, 51 L.R.A.,N.S., 1126, Ann.Cas. 1915A, 1133. In the words of the second paragraph of the syllabus thereof, the Supreme Court of the named State, in that case held as follows:

"The president of a corporation, who attends a hearing in court in a suit in which the corporation is a party, but who is not a witness and can give no testimony, and who can only render assistance to the solicitor for the corporation, is present in the capacity of an agent of the corporation, and is not exempt from service of civil process."

We do not agree with plaintiff that that case "is, on the facts, on all fours with the case at bar". In the first paragraph of the syllabus of such case, it was stated in effect that the exemption from service of civil process accorded to parties to judicial proceedings, witnesses, etc., is limited to those persons whose duty requires their attendance on the court, and whose presence is necessary to the court in administering justice.

■ In our opinion in the case of Harris Foundation, Inc., et al. v. District Court of Pottawatomie County et al., 196 Okl. 222, 163 P.2d 976, 981, 162 A.L.R. 272, this Court quoted from the Brooks v. State of Delaware case language of the tenor of such first paragraph of such syllabus, but made no reference to the result of the case as achieved by the second paragraph of such syllabus above-quoted. In such case Harris Foundation, Inc. v. District Court, etc., we said:

"Suitors and witnesses coming from foreign jurisdictions into Oklahoma solely for the purpose of attending court, whether under subpoena or not, are immune from service of civil process while in attendance and for a reasonable time in coming and going."

■ Plaintiff argues that "The reason for the existence of the so-called rule of immunity rests not upon the necessity or preferences of the defendant but is conferred or withheld as judicial necessity requires." He cites the Harris Foundation case, supra, and Lonsdale Grain Co. v. Neil, 73 Okl. 221, 175 P. 823. He would distinguish the case of Ada Dairy Products Co., Inc. v. Superior Court, Seminole County et al., Okl., 258 P.2d 939.

The latter case was that of an attorney who went on court business from one county in Oklahoma to another. The holding of each of such cases was generally of the tenor of that in Bearman v. Hunt, supra, above-quoted.

In the Massachusetts case of Diamond v. Earle, 217 Mass. 499, 105 N.E. 363, 51 L.R.A.,N.S., 1178, Ann.Cas.1915D, 984, the Supreme Judicial Court of that Commonwealth said:

"* * * Nonresidents * * * ought to be protected in coming voluntarily into our courts to aid in the ascertainment of truth and in the accomplishment of right results by the courts. * * * " (See lengthier quotation therefrom in Lonsdale case, supra, 175 P. at p. 825.)

That defendants were not sworn prior to their contributing the information they possessed, and which the court where they appeared and participated as witnesses saw fit to hear and have recorded, in our opinion makes them no less witnesses nor less entitled to the immunities available to them as such.

Judgment affirmed.

The Court acknowledges the aid of Supernumerary Judge N. S. CORN in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the court.