Carl and Shirley RAGSDALE, d/b/a
Hanging Rock Camp, Appellant,

v.

Ruth JONES, Appellee.

No. 52024.

Court of Appeals of Oklahoma,
Division No. 1.

March 18, 1980.

Released for Publication by Order of
Court of Appeals April 17, 1980.

Chaffin, Ferguson & Booth by Donald L. Booth, Tulsa, for appellant.

Jon M. Masters, Tahlequah, for appellee.

ROMANG, Judge:

In this case the Plaintiff-Appellant had the Defendant-Appellee served while the Defendant was appearing in a county, other than her residence, as plaintiff in a separate action against our instant Plaintiff. Defendant's motion to quash because of immunity was granted and this appeal followed.

Although the parties discuss 12 O.S. 1971, § 399 it is clear this case does not involve the statutory immunity of a witness responding "in obedience to a subpoena" but rather the common law immunity judicially created to aid the administration of justice and not requiring a subpoena. *Bearman v. Hunt*, 68 Okl. 96, 171 P. 1124 (1918). In this case the party claiming immunity was a plaintiff when served, apparently does not claim to be also a witness [1] and was not present in obedience to a subpoena. Judicial immunity to a person served is a privilege which

" . . . arises out of the authority and dignity of the court, . . . is founded on the necessities of judicial administration, . . . has for its primal object the protection of the court and not the immunity of the person, and . . is extended or withheld only as judicial necessities required." Quoted in *Richardson v. Smith*, Okl., 394 P.2d 480, 484 (1964).

Appellee notes that both *Bearman*, supra, and *Santee v. Simon*, Okl., 384 P.2d 36 (1963), state the rule of judicial immunity as applicable to suitors *and* witnesses. Appellant argues that neither *Bearman* nor *Santee* dealt with a non-witness party. We think this distinction is answered by the

---

1. It is unclear why the Defendant makes no claim that she was to be a witness in the other action. Although it is not essential that a plaintiff testify, the action involved was a small claims action and it is almost universal that plaintiffs testify in such actions. This is of some importance because relevant precedent noted later is distinguished because it involved a party-witness and not merely a party.

rationale adopted in *Bearman* from *Underwood v. Fosha*, 73 Kan. 408, 85 P. 564 (1906). The portion of *Underwood* quoted in *Bearman* states that the

" . . . reason of the rule is that the efficient administration of justice in the courts is promoted by encouraging the personal attendance upon trials *not only of the parties in interest but of other witnesses* as well, the removal of the risk of being put to the inconvenience of defending a lawsuit away from home being manifestly a substantial contribution to this end." (Emphasis added.) 171 P. at 1125.

■ While some courts draw a distinction between parties plaintiff and defendant, we see no principled reason for doing so. See James, Civil Procedure (1965) p. 657. Fear of the inconveniences of defending a lawsuit away from home should not be an additional tariff paid by a plaintiff seeking enforcement of rights. The efficient administration of justice calls for the proper assertion of rights in a timely manner and at convenient locations. See 62 Am.Jur.2d "Process" § 142.

As a point of practice, it is to be noted that this immunity depends on the facts of the instant case. Cases surveyed reflected facts through affidavit, testimony or the like. We find no such evidence in the appellate record. Since the facts were not disputed on appeal and this issue was not raised, we will treat the agreed facts in the briefs as a partial statement under Rule 1.23 of the Rules of Appellate Procedure in Civil Cases. The decision below is affirmed.

AFFIRMED.

REYNOLDS, P. J., concurs.