**LONSDALE GRAIN CO. v. NEIL.**

No. 9293—Opinion Filed Oct. 22, 1918.

(175 Pac. 823.)

1. **Process—Corporations—Service on Officer.**

Service obtained on an officer of a foreign corporation, who comes into this state to give testimony before a court in an action wherein the corporation of which he is an officer is plaintiff, is privileged from the service of a summons issued, in another action against said corporation, in the county where said officer is attending court as a witness, and service of summons, made on said officer, for the purpose of obtaining jurisdiction over the corporation of which he is an officer, under such circumstances, will upon proper motion be set aside.

2. **Same—Exemptions—Extent—Attendance as Witness.**

The exemption allowed a witness, while actually attending court for the purpose of giving testimony, from being served with summons in a suit in a county in which he does not reside and would not originally be suable, extends to the service of summons on him in his representative capacity as an officer of a corporation.

3. **Same.**

A resident of another state, who has in good faith come into this state to give evidence as a witness in a cause here, is exempt from service with a summons in a civil action against him, or against a corporation of which he is an officer, in coming, while in attendance, and for a reasonable time thereafter in which to return.

(Syllabus by Davis, C.)

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by Dan Neil against the Lonsdale Grain Company. Judgment for plaintiff, motion to set aside the judgment overruled, and defendant brings error. Reversed and remanded, with instructions.

P. C. Simons, and Morrison, Nugent & Wylder, for plaintiff in error.

Chas. West, for defendant in error.

Opinion by DAVIS, C. This action was begun by Dan Neil, defendant in error, hereinafter referred to as plaintiff, against the Lonsdale Grain Company, a corporation, plaintiff in error, hereinafter referred to as defendant, in the district court of Garfield county, Okla., to recover the sum of $995.62, alleged to be due plaintiff from defendant on some contracts entered into between plaintiff and defendant for the sale of wheat. The defendant is a corporation located in the state of Missouri, and engaged in the business of buying and selling grain. Summons was issued in this case, and service obtained on Harry J. Smith, who is alleged to be the assistant to the general manager of said defendant corporation. Defendant appeared in the district court of Garfield county, Okla., by a special appearance motion to quash the summons thus issued and served in said cause.

The grounds on which said service was sought to be set aside were: That Harry J. Smith was not an officer of said corporation at the time service was obtained, nor was he an agent appointed to receive service of process, nor was he its cashier, treasurer, secretary, clerk, or managing agent in the state of Oklahoma, and that said defendant was a foreign corporation duly organized and existing under and by virtue of the laws of the state of Missouri, with its principal place of business at Kansas City. The second ground urged by defendant was that Harry J. Smith, at the time service was obtained in this action, was present in Garfield county, Okla., for

the sole and only purpose of attending the trial of an action then pending in the district court of Garfield county, Okla., wherein said Lonsdale Grain Company was plaintiff and W. B. Johnson was defendant, as a witness for the plaintiff, and that by reason of the fact that Harry J. Smith was attending said court as a witness he was exempted from service of process in this case.

The question as to whether or not Harry J. Smith was the assistant to the general manager of said defendant was contested in the trial court. Affidavits and other evidence were adduced, and after a full hearing the court decided adversely to the contention of defendant. This being a controverted question of fact and having been passed upon by the trial court, it is not deemed necessary to give further consideration to the first proposition raised by defendant.

The second proposition urged by defendant merits a consideration by this court. There is no controversy but that the defendant is a corporation located in the state of Missouri, and that it had no officer or agent in this state upon whom service of process might be had. The fact is not controverted that Harry J. Smith was attending the district court of Garfield county as a witness for defendant at the time the summons in this case was served on him. The sole question for consideration is the validity of the service thus obtained. The motion of defendant was decided adversely to its contention, and no further pleadings were filed in said cause.

The court proceeded to hear evidence offered in behalf of plaintiff, and at the conclusion thereof rendered judgment in favor of plaintiff for the amount sued for. The defendant filed a motion to set aside said judgment for the reason that the court was without jurisdiction to entertain said action. From the action of the court in overruling said motion an appeal is prosecuted to this court.

It is first urged by defendant that one who in good faith is attending court as a material witness or as a suitor in the county other than that of his residence is exempt from service of summons in an action brought in that county, although said party is not in attendance in obedience to a subpoena. Section 5064, Rev. Laws 1910, reads as follows:

"A witness shall not be liable to be sued in a county in which he does not reside, by being served with a summons in such county, while going, returning or attending, in obedience to a subpoena."

In the instant case Mr. Smith had not gone to the district court of Garfield county in obedience to a subpoena, but had come to said court from the state of Missouri for the purpose of giving his testimony in said action, and for the further purpose of looking after the interest of defendant at the trial of said cause.

It is urged by plaintiff that the immunity contained in the foregoing provision of our statute cannot avail the defendant in the present action, for the reason that Mr. Smith was not attending court in obedience to a subpoena, and therefore is not brought within the provision of said section. This statute has been construed by the Supreme Court of Kansas, and the conclusion reached by said court as to the construction to be placed thereon is adverse to the contention made by plaintiff. In the case of Underwood v. Fosha, 73 Kan. 408, 85 Pac. 564, 9 Ann. Cas. 833, the court had under consideration this provision, and Judge Mason, speaking for the court stated the following rule:

"It is a familiar rule of law, generally although not universally accepted, that apart from any statutory immunity all nonresidents of a county in which they are attending court proceedings, either as litigants or witnesses, are privileged from civil arrest or the service of summons while there upon that business. Cases bearing upon this question are collected in a note at page 721 of volume 25 of the Lawyers' Reports Annotated, and under the title 'Process,' in volume 40 of the Century Edition of the American Digest, sections 148 and 150. The reason of the rule is that the efficient administration of justice in the courts is promoted by encouraging the personal attendance upon trials not only of the parties in interest but of other witnesses as well, the removal of the risk of being put to the inconvenience of defending a lawsuit away from home being manifestly a substantial contribution to this end."

The same court in the foregoing opinion, speaking of the question as to whether or not a party, attending court as a witness not in obedience to a subpoena, had the right to claim said immunity, stated the following rule:

"There is obviously plausible ground for contending that this specific grant of immunity to a witness who is acting in obedience to a subpoena implies that a mere volunteer is to be excluded from the privilege. Such seems to be the interpretation placed upon the same statutory language in Kentucky and South Dakota. * * * In Kentucky, however, there are various other provisions of the statute relating to such

exemptions, from which it may fairly be gathered that there was a legislative purpose to cover the entire subject-matter, while a necessary corollary of the doctrine, announced in Bolz v. Crone, 64 Kan. 570, 67 Pac. 1108, is that such is not the case here; but, as suggested in Cooper v. Wyman, 122 N. C. 784, 29 S. E. 947, 65 Am. St. Rep. 731, the section of the Code quoted must be held 'not to be an implied repeal of the common-law exemption, but a statutory declaration of it pro tanto.' The construction placed upon the statute by the South Dakota court in the case cited is influenced by other sections in terms making Code provisions exclusive in all matters to which they relate. But even in that case it was held that the section referred to had no application to nonresidents of the state, and that such persons were protected during their attendance as witnesses, although not under subpoena. * * * We cannot believe that it was the purpose of the Legislature in adopting the section in question to restrict, instead of to preserve, the privilege of a witness living in Kansas, by denying him all immunity from process while voluntarily attending a trial outside of his own county, when but for such enactment he would enjoy the same exemption as a nonresident of the state could claim under the same circumstances. The reason for the rule that persons living outside of the state cannot be sued while here to give testimony before a court is that they may be encouraged to come into the state for that purpose voluntarily, in as much as they cannot be required to do so. * * * In Christian v. Williams, 111 Mo. 429, 20 S. W. 96, this principle was held not to apply to the case of a resident of the state who attends as a witness a trial outside of his home county, for the reason that in Missouri a subpoena may be issued to any county in the state. But in Kansas it applies with full force, for under our statute no one can be compelled to leave the county of his residence in obedience to a subpoena in a civil case."

The views expressed in the foregoing opinion are in harmony with the rule that has been adhered to by this court. In the case of Commonwealth Cotton Oil Co. v. Hudson et al. 62 Okla. 23, 161 Pac. 535, the question involved in this case was before this court for consideration, and it was held in said case that, while a party was attending in obedience to a subpoena in any county other than that of his residence a valid service of process could not be had upon him. The rule laid down in Cyc. with reference to this question is as follows:

"Suitors and witnesses coming from foreign jurisdictions for the sole purpose of attending court, whether under summons or subpoena or not, are usually held immune from service of civil process while engaged in attendance and for a reasonable time in coming and going." 32 Cyc. 492.

The foregoing doctrine is supported by numerous citations from a large majority of states. In the case of Eliza J. Diamond v. Wm. H. Earle, 217 Mass. 499, 105 N. E. 363, 51 L. R. A. (N. S.) 1178, Ann. Cas. 1915D, 984, the Supreme Court of Massachusetts had this question before it for consideration and stated the following rule:

"The rule has been stated generally that suitors and witnesses from a foreign jurisdiction are exempt from service of civil process while attending court and for such reasonable time before and after as may enable them to come from and return to their homes. This statement is broad enough to include the parties plaintiff as well as defendants and witnesses. The rule is an ancient one. The reason upon which it rests is that justice requires the attendance of witnesses cognizant of material facts, and hence that no unreasonable obstacles ought to be thrown in the way of their freely coming into court to give oral testimony. Nonresidents cannot be compelled to come within the jurisdiction to testify. As such testimony may be essential in the due administration of justice, they ought to be protected in coming voluntarily into our courts to aid in the ascertainment of truth and in the accomplishment of right results by the courts. It is not merely a privilege of the person; it is a prerogative exerted by the sovereign power through the courts for the furtherance of the ends of justice. Every party has a right to testify in his own behalf. He cannot do this freely, if hampered by the hazard that he may become entangled in other litigation in foreign courts. The rule is applied almost universally in behalf of witnesses coming from a foreign state. It is extended generally to defendants living outside the state where the litigation is pending. * * * There appears to be no sound distinction for placing a party plaintiff on any different basis in this respect from other parties and witnesses. The reason on which the rule rests is broad and inclusive of plaintiffs as well as defendants. It is as important to the administration of justice that foreign plaintiffs should be protected in making a full presentation of their cases as it is that parties defendant should be given this protection. The weight of authority supports this conclusion, although there are contrary decisions."

It is urged in the instant case that, although the law may exempt Mr. Smith individually from the service of process while attending court as a witness yet the service obtained in the case at bar was not on him individually, but in his representative capacity as an officer of the corporation. This distinction has been recognized by a few of the courts, but such distinction is

not recognized in this state. In the case of Commonwealth Cotton Oil Co. v. Hudson, supra, Commissioner Brewer, speaking of this question, stated the following rule:

"On this phase of the case one other point needs consideration. This point is raised by the claim that the exemption does not apply, for the reason that the witness was served with summons, not as an individual, but in his representative capacity as agent of defendant corporation. To sustain this point reliance is had upon the case of Currie Fertilizer Co. v. Kirsh (Ky.) 74 S. W. 269, which case, it may be fairly said, supports the contention made. But the Supreme Court of Tennessee, in the case of Sewanee Coal, Coke & Land Co. v. Williams & Co., 120 Tenn. 339, 107 S. W. 968, refused to follow the Kentucky court as against the weight of authority and sound reasoning."

After quoting extensively from Sewanee Coal, Coke & Land Co. v. Williams & Co., supra, Commissioner Brewer said:

"We are satisfied with the views of the courts of Tennessee and New Jersey on this point, without going into other reasons against the validity of the service which might be advanced; same being made upon the idea that the agent of a corporation does not, in traveling around from one state or one jurisdiction to another, carry the corporate entity around with him into places where it is not domiciled, has no property, no business, and no agent. Along this line there is considerable authority. See St. Clair et al. v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222, and cases cited; Louden Machinery Co. v. American Mal. Iron Co. (C. C.) 127 Fed. 1008, and cases cited."

As the contention of the plaintiff on this point has been foreclosed by the foregoing decision of our court, a further discussion would serve no useful purpose. After a consideration of the law applicable to the question here presented, we are led to the conclusion that the overwhelming weight of authority is in favor of extending immunity to individuals or corporations coming into this state for the purpose of attending court, whether as witnesses or suitors, from service of process while in attendance. It being admitted in this case that Mr. Smith was attending the trial of a cause in the district court of Garfield county, Okla., in which the Lonsdale Grain Company was plaintiff, no question of the good faith of his presence in this state is presented for consideration. As has been well said by the various courts in considering this question, the immunity extended in this class of cases does not depend upon statutory provision, but is necessary for the due administration of justice. The object

and purpose of this immunity is to encourage witnesses to come from foreign jurisdictions voluntarily to give their testimony, for the reason that the oral testimony thus offered is much more satisfactory than evidence obtained by means of depositions. The reason of the rule is apparent when it is remembered that issues of fact not anticipated by either party often arise in the trial of an action, which necessitate the presence of witnesses who are competent to give testimony thereon. It is a matter of common knowledge that there are many transactions involving matter of detail to such an extent that a deposition would be almost useless in the trial of a cause.

It is also recognized as an important factor in the trial of an action to have the witnesses where they can be viewed by the jury and court and their demeanor observed, as this is an important element in determining the weight to be given their testimony. If any other rule should obtain, the effect would be to deter witnesses from foreign jurisdictions coming into the courts of our state for the purpose of giving their testimony in an action pending therein. When they do come and voluntarily offer themselves as witnesses for the purpose of assisting our courts in the ascertainment of truth and in the administration of law, there should be an implied understanding that they shall come free from any possibility of becoming involved in litigation in a foreign jurisdiction. The rule granting a nonresident witness this immunity commends itself to us as being sound and founded upon valid consideration of public policy.

We are therefore of the opinion that the trial court was in error in overruling the motion of defendant to quash the summons issued and served in this cause, and we therefore recommend that said judgment be reversed and the cause remanded to the district court of Garfield county, with instructions to proceed in accordance with the views herein expressed.

By the Court: It is so ordered.