## STUMPF v. PEDERSON et al.

No. 25595. Feb. 25, 1936.

R. E. Barry and Joe P. Crawford, for plaintiff in error.

W. P. Morrison and John Morrison, for defendants in error.

PER CURIAM. This suit was brought by J. M. Stumpf, as plaintiff below, in the justice court of Oklahoma county, against Lucy C. Pederson and Oleta Hubbard, defendants below, on a promissory note executed by the defendants and an open account for merchandise purchased by the defendants. The defendants were residents of Logan county, Okla., and were served by the constable with summons and an attachment on a Reo automobile in which they were traveling while

the defendants were in Oklahoma county in obedience to a subpoena from the Oklahoma State Tax Commission.

The defendants filed a special appearance and motion to quash the service of summons and attachment, together with affidavits attached in support of same upon the ground heretofore stated. The case was set for hearing by the justice of the peace on the 20th day of December, 1933, at the hour of 9 o'clock a. m., at which time the plaintiff appeared before the justice of the peace in person and by his counsel and announced that he was ready for trial. The defendants failed to appear, either in person or by counsel, whereupon the attorney for the plaintiff called the attorney for defendants regarding their absence, and he was advised that the defendants had missed their bus in Guthrie, Okla., and would not be able to appear before 1 o'clock p. m., of said date, and requested that the cause be passed to that time. The justice of the peace, in consideration of this announcement by the attorney for the plaintiff, passed the cause until 1 o'clock p. m., at which time the defendants presented their motions to quash, introduced evidence in support of same and refused to proceed further, whereupon the justice court took the matter under advisement until the next day. On December 21, 1933, the justice court sustained the motions to quash of the defendants, and the plaintiff had alias summons issued, which were served on the defendants in Logan county, Okla. The defendants again filed motions to quash, and also a motion to dissolve the attachment, and these motions were by the justice court sustained on January 22, 1934, from which judgment of the justice court the plaintiff appealed to the court of common pleas.

On February 10, 1934, the several motions of the defendants filed in the justice court, to quash the summons issued and served on the defendants, and to dissolve and set aside the attachment had on the automobile of the defendant Oleta Hubbard came on for hearing before the court of common pleas. The court, after hearing evidence and argument of counsel on said date, made and entered its judgment sustaining all of the motions of the defendants to quash the issuance and service of summons, and also sustained the motions of defendants to vacate and set aside the attachment, to which action of the court of common pleas the plaintiff saved exceptions and brings this appeal.

The principal legal question involved in this suit may be stated as follows: Can a person be sued in an ordinary action in a county other than the county of his residence while he is, in good faith, attending a hearing in obedience to a subpoena of the Oklahoma State Tax Commission in a county other than that of his residence, provided he, in a proper manner and at the proper time, claims his exemption and immunity from service of summons in such county? Section 12299, O. S. 1931, provides for hearings before the Tax Commission under chapter 66, article 1, and, among other things, provides:

"In the performance of its duties, as defined by this act, said commission, or any member thereof, shall have the power to administer oaths, to conduct hearings, and to compel the attendance of witnesses and the production of the books, records and papers of any person, firm, association or corporation."

Section 285, O. S. 1931, provides as follows:

"A witness shall not be liable to be sued in a county in which he does not reside, by being served with a summons in such county, while going, returning or attending, in obedience to a subpoena."

These statutes are sufficiently broad to extend the immunity from service of summons rule to those attending hearings before the Oklahoma Tax Commission. The rule exempting a person who is, in good faith, attending court as a material witness or as a suitor in a county other than that of his residence, is well established by the decisions of this court. Hixon v. Chamberlin, 116 Okla. 77, 243 P. 183; Bearman et al. v. Hunt, County Judge, et al., 68 Okla. 96, 171 P. 1124; Burroughs v. Cocke & Willis, 56 Okla. 627, 156 P. 196; Thomas v. Blackwell, 172 Okla. 487, 46 P. (2d) 509.

The above-quoted decisions follow both the statute and the common-law rule that when a person is, in good faith, attending court, either as a litigant or witness in a county other than that of his residence, he is privileged from the service of summons in an action brought in that county. This privilege is extended to him while attending court, and for such reasonable time before and after as may enable him to come from and return to his home. It is evident that the Legislature intended to clothe the Oklahoma State Tax Commission with the same power to subpoena witnesses and compel their service as has heretofore existed with the courts. It would, therefore, follow that the defendants in this case could not be served with summons in Oklahoma county. Plaintiff made an effort to get service of summons on the defendants by having the same served upon

them in Logan county. This would necessarily fail because the plaintiff did not have valid service on either defendant in the county where the suit was brought. Quoting from the syllabus in the case of Bearman et al. v. Hunt, County Judge, et al., supra:

"If service of summons is not legally obtained on one of several defendants in the county where the action is brought, a summons cannot be issued thereon to any other county and there be legally served on any one or more of the codefendants."

We think that the other contentions made by plaintiff are unnecessary to discuss, in view of the decision heretofore set out. We fail to find anything in the record in this case which would give to either the justice court or court of common pleas of Oklahoma county jurisdiction of the defendants in this case. The judgment of the trial court is therefore affirmed.

The Supreme Court acknowledges the aid of District Judge S. J. Clendinning, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter, the opinion was adopted by the court.

McNEILL, C. J., and WELCH, PHELPS, CORN, and GIBSON, JJ., concur.