HARRIS FOUNDATION, Inc., et al. v. DISTRICT COURT OF POTTAWATOMIE COUNTY et al.

No. 31967. Oct. 30, 1945.

*163 P. 2d 976.*

Embry, Johnson, Crowe, Tolbert & Shelton, of Oklahoma City, for petitioners.

Reily & Reily, of Shawnee, for respondents.

GIBSON, C. J. This is an original proceeding for a writ prohibiting respondent from further exercising jurisdiction in cause No. 19299 in the district court of Pottawatomie county. The asserted ground upon which the writ is sought is that the process of said court directed to and served by the sheriff of Oklahoma county upon petitioners therein was issued and served without authority of law and that respondent, by assuming to hear and determine such cause, is attempting to make and is making an excessive and unauthorized application of judicial force which is inimical to the sovereign

policy in the furtherance of justice and depriving petitioners of the right and privilege accorded them by 12 O. S. 1941 § 139 to be sued only in the county wherein they reside or may be lawfully summoned.

Beginning on April 6th, a trial was had at Oklahoma City in the district court of Oklahoma county wherein Harris Foundation Incorporated, a domestic corporation, whose principal and only office was in said city, was plaintiff, and Elma Coggin, resident of said city, was defendant and cross-petitioner, and W. L. Missimore, a non-resident of the State of Oklahoma, and a resident of the State of New Mexico, was codefendant. On the afternoon of the aforesaid date Elma Coggin, on her demurrer to plaintiff's evidence being sustained, was dismissed as a party defendant, and immediately thereafter she obtained an order of dismissal of her cross-petition without prejudice to another action. Thereupon the trial continued upon the issue joined between the plaintiff and defendant Missimore, and not being concluded at 5 o'clock p. m., the court recessed until 9 a. m. of the following day. At the time of the adjournment Missimore was on the stand as a witness in his own behalf, and having completed only his testimony in chief, he was excused from the stand until the hour of reconvening the court. Trial was resumed at the appointed hour on the morning of the 7th, at which time Missimore again took the stand as a witness for the purpose of cross-examination and the trial was concluded on the afternoon of that day.

During the recess of the court, and on the evening of April 6th, there was filed in the district court of Pottawatomie county, at the office of the clerk at Shawnee, an action by said Elma Coggin as plaintiff against W. L. Missimore and V. V. Harris as copartners, W. L. Missimore, V. V. Harris and Harris Foundation Incorporated, as defendants, wherein recovery is sought upon the same matter involved in her cross-petition so dismissed. And on the same occasion process thereon was issued and served on W. L. Missimore both individually and as member of such partnership in the city of Shawnee, and process was issued and directed to the sheriff of Oklahoma county for service upon the other defendants therein, which was later had. Separate motions to quash summons were filed by V. V. Harris and Harris Foundation Incorporated, and a plea to jurisdiction was filed on behalf of the alleged defendant copartnership by Harris. Responses to the motions and plea were made by plaintiff and depositions taken by both plaintiff and defendants in support of their respective contentions. Upon hearing, the trial court found that by reason of certain matters averred in the plea to the jurisdiction, and the scope and purpose of the evidence in depositions taken on behalf of defendants and those on behalf of plaintiff which were participated in by the defendants, the defendants entered a general appearance and the motions and plea were overruled and denied, which is made the basis of this proceeding.

Considering the situation independently of the alleged immunity of W. L. Missimore from process, divers propositions urged in the briefs, and especially those presenting the respective views on the questions whether Missimore's presence at Shawnee was the result of connivance and if so whether general appearance was made, would demand consideration. But, inasmuch as the question of immunity is involved and in our opinion is controlling irrespective of the merits of such contentions, we will make only such incidental reference to them as may be pertinent to show that we have considered such contentions.

There is no question concerning the residence and no question but what under the law the venue of such action lay in Oklahoma county and not in Pottawatomie county unless a venue was there obtained by reason of the opportunity for the service had there on Missimore. And in order to avoid the

issue thereon we will for the purpose of our consideration recognize as true the contention of the plaintiff that Missimore was there solely for the purpose of visiting a youth who was a near relative of one with whom he was closely associated in business at his place of residence in New Mexico, and that he was without knowledge of any plan to serve process until same was had. With these facts as a basis and the unquestioned further fact that Missimore's presence within the state was for the specific and controlling purpose of participating in his capacity as party in said trial at Oklahoma City, thus denoting his visit to Shawnee as a mere incident arising out of the opportunity his presence in the state afforded, we can determine the law applicable and its effect upon the issue in the instant proceeding.

The controlling rule, which has received general recognition, and which has been expressly recognized by this court in Lonsdale Grain Co. v. Neil, 73 Okla. 221, 175 P. 823, is as follows:

"Suitors and witnesses coming from foreign jurisdictions for the sole purpose of attending court, whether under summons or subpoena or not, are usually held immune from service of civil process while engaged in attendance and for a reasonable time in coming and going." 32 Cyc. 492.

It is manifest from the plain language of the rule that the status of Missimore is squarely within the prescribed immunity unless same was defeated by reason of the purpose of his going to or the fact that he was present in Pottawatomie county during the recess of the court. Any contention that such purpose or presence could impair such immunity is foreclosed by the holding in Burroughs v. Cooke & Willis, 56 Okla. 627, 156 P. 196, which is reflected in paragraph (a) of the first syllabus thereof, as follows:

"(a) A nonresident, who comes within the confines of this state for the purpose of attending upon the taking of depositions to be used in the trial of a cause pending in another jurisdiction in which he is one of the litigants, is privileged from service of summons while within the state upon that business, and he does not forfeit this privilege merely because he transacts other business not connected with the taking of the depositions, provided the controlling cause of his being within the state was the taking of the depositions."

The criterion is whether his presence within the state was yet controlled by his purpose to participate in the trial of said cause to which he was a party. If so, the immunity from process applies to that of any court within the state while remaining as well as while coming to and going from the place of trial. And the acts and doings and the places thereof are material only to the extent they may be inconsistent with and thus negative the existence of such controlling purpose. In the instant case it is definitely clear that Missimore's presence in Shawnee was completely subordinate to and in no wise inconsistent with his own purpose as a party to the action and his duty to the court as a witness already sworn.

It is urged by respondent that in the absence of proof of alleged conspiracy and by reason of the voluntary presence of Missimore in Pottawatomie county said action was properly brought there and thus authorized the process to the sheriff of Oklahoma county. Such would be true if the situation was independent of the immunity of the person there served. But, with such immunity obtaining as here, the contention is unsound. 12 O. S. 1941 § 137 expressly provides that an action against a nonresident may be brought in any county where such defendant may be found. The statute in its terms recognizes no exception. and to hold it operative in every case coming within its terms would not only emasculate the immunity rule but would also credit the Legislature with the intent to disregard it. The question of the force of such a statute where immunity obtains, as here, was before the Supreme Court of Indiana in the leading case of Wilson v. Donaldson,

117 Ind. 356, 20 N. E. 250, 10 A. S. R. 48, 3. L. R. A. 266. It was there said:

"The contention of appellant's counsel is, that the fact that the appellee was in Indiana in attendance upon court as a party to an action which he had brought against him, and for the purpose of testifying as a witness, does not entitle him to avoid the summons served upon him while in this state. Our statute is broad enough to sustain this contention if we take it apart from all the other rules of the law, for it provides that in cases of nonresidents an action may be commenced and summons served in any county where they may be found. R. S. 1881, section 312. But a statute is not to be isolated from the great body of law of which it forms a part; on the contrary, it is to be taken as forming part of one great system, and is to be construed with reference to co-ordinate rules and statutes. Bradley v. Thixton, ante, p. 255.

"The counsel are, therefore, in error in completely isolating the statutory provision we have referred to, since if we should find a well established principle of law exempting nonresidents who are in this state for the purpose of attending court as parties or witnesses, we should be bound to construe the statute with reference to that principle, for we could not hold that the Legislature meant to entirely disregard it and establish an independent rule. Such narrow views as those of counsel, if allowed sway, would mar the symmetry of our system of jurisprudence and greatly impair its usefulness. Laws are necessarily expressed in general terms, but these general terms do not and cannot embrace all cases. An element is often present which takes a case out of the operation of the general words of the statute, and that element is here present. Broom, Legal Maxims, 43."

The effect of such holding is that the immunity creates an exemption from service by reason of which the statute has no application and with the result that process issued in violation thereof is illegal, as said in the quoted case, and that the court issuing such process does not acquire jurisdiction thereby. Such absence of jurisdiction was expressly declared in Bolz et al. v. Crone et al., 64 Kan. 570, 67 P. 1108. It is this illegality of the service of process upon Missimore in Pottawatomie county that precluded the right of that court to direct its service to Oklahoma county. This principle is the basis of the holding in Bearman v. Hunt, 68 Okla. 96, 171 P. 1124, and Stumpf v. Pederson et al., 176 Okla. 136, 54 P. 2d 1035. In Stumpf v. Pederson et al. we said:

"One who is, in good faith, attending a hearing in obedience to a subpoena of the Oklahoma State Tax Commission in a county other than that of his residence is exempt from service of summons in an action brought in that county.

"If service of summons is not legally obtained on one of several defendants in the county where the action is brought, a summons cannot be issued thereon to any other county and there be legally served on any one or more of the codefendants."

In the light of what has been said it is manifest that the issuance in Pottawatomie and service in Oklahoma county of summons on Harris Foundation, Inc., and V. V. Harris, individually, did not confer upon the court jurisdiction of such defendants. And it is equally clear that the court did not acquire jurisdiction of the partnership since the service of summons on Missimore was illegal. Harris could raise this question.

The point deserving of emphasis here, in view of respondent's reliance upon the alleged general appearance as a defense, and on defendant's right of appeal as affording an adequate remedy, is that such illegality does not arise solely from the violation of a prescribed right of the party served nor one created primarily therefor. The illegality arises primarily from the violation of a fundamental rule of policy designed to govern the administration of justice.

In a note to Wilson v. Donaldson, supra, there is the following condensed statement of the purposes of the rule.

supported by numerous authorities there cited:

"Public policy, the due administration of justice, and protection to parties and witnesses alike, demand that witnesses while attending court be protected from process."

The subordinate status of the right of a party litigant to that of the sovereign purpose is found in many cases.

In Sofge v. Lowe, 131 Tenn. 626, L. R. A. 1916A 734, 176 S. W. 106, there is said:

"The general rule is that suitors, plaintiff or defendant, from a foreign jurisdiction, are exempt from the service of civil process while attending court, and for such reasonable time before and after trial as may enable them to go from and return to their homes. . . . .

"The rule is of ancient origin and is mentioned as early as the reign of Henry VI of England. . . and the reason underlying it is the proper administration of justice in the protection of the courts and those called to attend them. The privilege of the individual is incidental; the protection of courts of justice is the primary object of the rule."

In Feister v. Hulick, 228 Fed. 821, it is said:

"Immunity from arrest, or service of process, does not, in cases of this kind, flow from any privilege of the defendant. It is the consequence of the application of a legal principle, the benefit of which a particular defendant happens to get. The principle is founded upon a policy of the law and the recognition of a legal doctrine. It is part of the policy of the courts to brook no interference with their efforts to administer justice. It is the policy of the law that each court shall render to every other court the at least negative aid of not interfering with its administration of justice. Out of the enforcement of this policy has sprung the doctrine of comity. No court will direct its process to be served upon litigants before another court where it would protect its own litigants from a like service. Every court will aid every other court by permitting attendance upon one free from danger of service of process by another. All courts recognize this principle of immunity involved."

In Brooks v. State (Del.) 3 Boyce 1, 51 L.R.A. (N.S.) 1126, 79 Atl. 790, Ann. Cas. 1915A, 1133, there is said:

"The privilege of parties to judicial proceedings, as well as witnesses, attorneys, judges, jurors and certain other officers of the court, of going to the place where they are held, and remaining as long as necessary and returning wholly free from the restraint of process in other civil proceedings, has been long settled and liberally enforced. . . The rule was established for the protection of the courts that they might the better administer justice free from interference with and intimidation of suitors, solicitors and witnesses and disturbance of the court's officers in the exercise of their duties, and became a privilege that affected persons in their several capacities only as their protection from process rendered the administration of justice more certain and complete. The privilege arises out of the authority and dignity of the court, it is founded on the necessities of judicial administration, it has for its primal object the protection of the court and not the immunity of the person, and is extended or withheld only as judicial necessities require."

In accord with that underlying principle this court, in Lonsdale Grain Co. v. Neil, supra, quoted with approval the following from Eliza J. Diamond v. Wm. H. Earle, 217 Mass. 499, 105 N. E. 363, 51 L. R. A. (N. S.) 1178, Ann. Cas. 1915 D, 984:

"As such testimony may be essential in the due administration of justice, they ought to be protected in coming voluntarily into our courts to aid in the ascertainment of truth, and in the accomplishment of right results by the courts. It is not merely a privilege of the person; it is a prerogative exerted by the sovereign power through the courts for the furtherance of the ends of justice."

228

It would be difficult to conceive of a case more clearly violative than this of the policy sought to be conserved or one more clearly justifying appropriate relief from this court.

Concerning the exercise of jurisdiction not granted by law we said, in Atchison, T. & S. F. Ry. Co. v. Love, 29 Okla. 738, 119 P. 207:

"Prohibition is the proper remedy, where an inferior tribunal assumes to exercise judicial power not granted by law, or is attempting to make an unauthorized application of judicial force, and the writ will not be withheld because other concurrent remedies exist; it not appearing that such remedies are equally adequate and convenient."

In the circumstances here the superintending control of this court under section 2 of article 7 of the Constitution is properly invoked. Concerning this constitutional provision, we said, in State ex rel. Freeling, Atty. Gen., v. Kight, County Judge, 49 Okla. 202, 152 P. 362:

" It was not designed for ordinary appellate jurisdiction, but was in the nature of an original jurisdiction, conferring upon this court that authority necessary to keep subordinate courts, commissions, and boards within due bounds, and to insure a harmonious working of the judicial system within this state, according to due course of procedure."

In such situation the action of this court is motivated by the purpose of preserving the integrity of the administration of justice and cannot be precluded by the fact a party litigant may be held to have entered an appearance. Oklahoma Industrial Finance Corporation v. Wallace, 180 Okla. 363, 69 P. 2d 362.

We conclude that respondent is attempting to exercise excessive and unauthorized judicial power, and that the remedy by appeal is not adequate.

Writ granted.

HURST, V.C.J., and RILEY, OS- BORN, WELCH, CORN, and DAVISON, JJ., concur.