CITY OF BETHANY et al. v. DISTRICT COURT OF OKLAHOMA COUNTY et al.

No. 33464.   Feb. 14, 1948.

Rehearing Denied March 23, 1948.

*191 P. 2d 187.*

C. C. Andrews, of Bethany, and Priest & Belisle, of Oklahoma City, for plaintiffs.

Robinson, Shipp & Robertson, of Oklahoma City, for defendants.

RILEY, J.   On January 9, 1948, C. B. Warr, in a proceeding comparable to a class action, sought in the district court a writ of injunction to prevent the city council of Bethany from enacting an ordinance to annex, to the city of Bethany, property adjacent to it. The property involved is bounded on the west by Hammond street, which is the eastern boundary of the city of Bethany.

On the same day, the Honorable Lewis R. Morris, district judge, granted a temporary restraining order, and the city council was thereby "restrained from taking any steps whatsoever for the enactment of an ordinance or from doing anything of any other nature leading to the extension of the city limits of the City of Bethany, Oklahoma, including the property above described within the city limits thereof until the further or other order of this court."

The return day provided within the order of the district court was January 30, 1948. However, on January 12th the city of Bethany, by motion filed in the proceedings, sought to cause the order to be vacated. The proceeding theretofore had been transferred to the Honorable Clarence Mills, judge of the district court. A hearing was afforded. On the same day, the motion to vacate the temporary restraining order by Judge Mills was denied.

On January 15, 1948, the city of Bethany sought in this court a writ of prohibition. On January 19th, C. B. Warr filed in the proceedings pending in the district court an amended petition. He also made answer to the city's petition for writ of prohibition pending in this court.

This court's jurisdiction extends to a general superintending control over all inferior courts; the district court is an inferior state court.

Prohibition is the proper remedy whenever an inferior tribunal assumes to exercise judicial power not granted by law. Harris Foundation v. District Court Pottawatomie County, 196 Okla. 222, 163 P. 2d 976, 162 A.L.R. 272; 42

Am. Jur. 144 (Sec. 9-Prohibition). The Supreme Court has power to issue a writ of prohibition. Art. 7, sec. 2, Const. of Okla. The writ may not be withheld because of the existence of convenient remedies unless another remedy available is plain, speedy and adequate under the facts and circumstances presented by any particular case.

In Mr. Warr's petition in the district court it is averred that the city council of Bethany had ordered and directed the municipal counselor to draw an ordinance of annexation so as to extend the boundaries of the city. Mr. Warr's petition, filed and pending below, shows that he caused an assembly of protestants to be held, and as a result a petition was signed and presented to the office of the Governor of the State of Oklahoma requesting the Chief Executive to provide an election for the purpose of submitting, at an election to be held for the purpose, the issue of creating and incorporating property in Warr Acres and the people who are residents therein into a city.

The Lieutenant Governor sustained the petition by issuing a proclamation January 19, 1948, and causing it to be filed in the office of the Secretary of State. By the proclamation, an election was called and directed to be held on February 17, 1948.

Unless a writ of prohibition by this court is issued and directed to the district court of Oklahoma county and the judges of that court, directing a vacation of the order of restraint heretofore by the district court issued in cause No. 117,097, in a proceeding styled Warr v. City of Bethany, the city of Bethany may not, through its city council, freely exercise its legislative function.

The legislative function was bestowed upon the city through the medium of a grant enacted by the Legislature, properly representative of the state's authority and power, legislative in character.

The city of Bethany is an incorporated city. It may act legislatively whenever and wherever its interest is properly concerned, and its legislative judgment of the necessity of action is final and conclusive, subject only to reasonableness under a rule of law which may be judicially applied to its enactments, or orders, or ordinances, and the enforcement of them.

The Legislature has power to authorize the extension of the boundaries of a municipal corporation and to do so without the consent of the inhabitants of the territory annexed. 37 Am. Jur. p. 639 §23. By general law, within its rightful subject of legislation, the Legislature has done so. Title 11 O.S. 1941 §481. The statute is consonant with the general rule stated and related to the powers of municipalities to make annexations. 64 A.L.R. 1341.

The order of the council, city of Bethany, supra, merely directed the municipal counselor to prepare an ordinance to extend the city limits to include the area involved, or such part thereof as might by law be annexed. It is not to be inferred that illegal annexation was or is by the city contemplated.

Protestants complain that the city council threatened to convene unlawfully and at a time other than at a regular time fixed by law or a special time fixed by previous adjournment of the city council.

The product or effect of an illegal or unofficial assembly may subsequently be judicially examined, and, if found invalid, defeated. Simpson v. Hill, 128 Okla. 269, 263 P. 635.

The courts are without jurisdiction to interpose authority judicial as against the exercise of legislative authority and power. The powers of government are divided into separate departments — Legislative, Executive, and Judicial. They are separate and distinct, and, except as constitutionally provided, neither shall exercise the powers properly belonging to either of the others. Art. 4, sec. 1, Const. of Okla.

The annexation of territory by a municipality is a legislative function, bestowed upon municipalities and granted to them by a proper delegation of power and authority from the supreme legislative department of the state.

This opinion may not properly be construed as interfering with the holding of the proposed election, or of intimating an opinion as to the legal effect of that election.

Writ granted.

HURST, C.J., and BAYLESS, ARNOLD, and LUTTRELL, JJ., concur. DAVISON, V.C.J., and WELCH, CORN, and GIBSON, JJ., dissent.