Armel E. RICHARDSON, Petitioner,

v.

Boston SMITH, Judge of the District Court of Oklahoma County, Oklahoma, and William L. Fogg, Judge of the District Court of Oklahoma County, Oklahoma, Respondents.

No. 40962.

Supreme Court of Oklahoma.

July 14, 1964.

Chappell & Maddux, Nowata, Sanders, McElroy & Whitten, Tulsa, for petitioner.

Foliart, Shepherd & McPherren, by John C. Neimeyer, Oklahoma City, for respondents.

DAVISON, Justice.

This is an original proceeding for a writ prohibiting the respondents, as Judges of the District Court of Oklahoma County, from further exercising jurisdiction in causes numbered and styled 161203, Coeda Lay v. Armel E. Richardson, and 161204, Gail Harris Scott v. Armel E. Richardson,

in said court. The alleged basis for the writ is that process in the form of summons was issued in each cause and were served by the sheriff of Oklahoma County upon the petitioner (defendant therein) in said county, and that such process was ineffective to give the district court jurisdiction of the petitioner, for the reason that he was, at the time immune from service of process. Petitioner asserts that the respondents arbitrarily denied his special plea of immunity and lack of jurisdiction over him and are exercising excessive and unauthorized judicial power in assuming to hear and determine the actions.

The above numbered actions were filed in Oklahoma County on August 26, 1963. They are suits by Lay and Scott to recover from Richardson (petitioner here) for personal injuries suffered by Lay (as a tenant) and Scott (as a visitor), when they fell, on March 23, 1963, from a second story porch of an apartment building owned by petitioner and located in the City of Nowata in Nowata County, Oklahoma. The petitions allege negligence by petitioner in maintaining an insufficient and defective railing around the porch.

Title 12 O.S.1961 § 139, provides that actions of this nature must be brought in the county in which the defendant resides or may be summoned.

Petitioner asserts that when he was served with the summons on August 26, 1963, he was attending a hearing in Oklahoma County before the State Liquified Petroleum Gas Administrator and that under the circumstances he was exempt from service of process in such county. Petitioner states that as a consequence of respondents' wrongful denial of such contention he has been deprived of his right under the above statute to be sued in the county in which he resides.

The petitioner lives in the City of Nowata, and is a resident of Nowata County, Oklahoma. He owns and operates a liquified petroleum gas business in that county and was at all times mentioned a member of the Oklahoma Liquified Petroleum Gas Board pursuant to 52 O.S.1961 § 420.1 et seq. The members of this Board are required (Sec. 420.3) to make rules and regulations relating to safety in the Liquified Petroleum industry, and an Administrator (Sec. 420.2) is charged with the enforcement of the laws and of these rules and regulations and serves as Secretary to the Board (Sec. 420.3). Parties engaging in such business are required to secure a registration permit by applying upon a form provided by the Board and the Board passes upon the applications of distributors and retailers (Sec. 420.4).

Under 52 O.S.1961 § 420.6, the Administrator may hold a public hearing and revoke or suspend a registration permit for violation of the provisions of the law or the rules and regulations.

The Administrator is empowered to summon and compel the attendance of witnesses at such hearing; require the production of records and documents at the hearing; and take depositions under the rules in effect in the District Courts. Any registrant may appeal to the District Court from the findings, judgment and order of the Administrator.

Pursuant to the above statute the Administrator scheduled a hearing on August 26, 1963, on a complaint against a registered gas dealer. At the direction of the Administrator the petitioner and other members of the Board were called and requested to attend the hearing so that they would be available for consultation regarding revocation of the dealer's permit. The petitioner attended the hearing and the two summons were served upon him while the hearing was in progress.

■ The first question is whether the hearing pursuant to the Liquified Gas Act is the type of proceeding that would justify exemption from service of process to persons otherwise entitled to such immunity.

In Stumpf v. Pederson, 176 Okl. 136, 54 P.2d 1035, this court held that a hearing before the Oklahoma Tax Commission would support exemption from service of process to a non-resident of the county, who was, in good faith, attending such meeting in obedience to a subpoena of the Commission. We said this privilege was extended to him both by statute and common law when attending court and the power of the Tax Commission to subpoena gave this privilege to him when attending a Tax Commission hearing. It appears that the great weight of authority is that such privilege exists in favor of qualified persons appearing in many kinds of proceedings not strictly judicial in nature. See Annotation, 35 A.L.R.2d 1354.

Under the statutes, supra, the described Administrator has power to compel attendance of witnesses and the production of records the same as District Courts in connection with a quasi-judicial hearing to determine suspension or revocation of a registrant's permit. It is our conclusion that the statutory hearing is of such nature as to sustain an exemption from service of process in favor of persons otherwise entitled to such privilege.

The next proposition is whether the petitioner was exempt from service of process while attending the hearing in Oklahoma County.

The petitioner lived in and was a resident of Nowata County, Oklahoma, when he was served with process in Oklahoma County. In the Stumpf case, supra, we held that non-residents of Oklahoma County, when served with summons in that county while in good faith attending a hearing in obedience to a subpoena of the Tax Commission, were exempt from service of summons in an action brought in that county.

In Lonsdale Grain Co. v. Neil, 73 Okl. 221, 175 P. 823, a non-resident witness, who was not under subpoena, came into Garfield County for the purpose of testifying in an action in which the corporation of which he was an officer was a party. We held that he was exempt from service of process, while he was there present for that purpose, whether under subpoena or not. See also Harris Foundation v. District Court, 196 Okl. 222, 163 P.2d 976, 162 A.L. R. 272.

Our decision in Ada Dairy Products Co. v. Superior Court, Okl., 258 P.2d 939, held that where an attorney went into a county, of which he was a non-resident, to represent a client in a suit, and was served with summons in an action filed in said county against a company of which he was an officer and service agent, such service was ineffectual to confer jurisdiction upon the court from which the process issued, because he was exempt from service by reason of the immunity accorded by law. The decision states that the immunity from service applies to litigants and witnesses while attending upon the courts and that, "This principle of law should not be strictly applied, but should extend to all situations where the ordinary administration of the courts of justice is or may be impeded." Therein we quoted with approval as follows:

" 'The privilege to parties to judicial proceedings, as well as others required to attend upon them, of going to the place where they are held, and remaining so long as is necessary and returning wholly free from the restraint of process in other civil proceedings, has always been well settled and favorably enforced. * * *' "

and also:

" 'Immunity from arrest, or service of process, does not, in cases of this kind, flow from any privilege of the defendant. It is the consequence of the application of a legal principle, the benefit of which a particular defendant happens to get. The principle is founded upon a policy of the law and the recognition of a legal doctrine. It is part of the policy of the courts to brook

no interference with their efforts to administer justice. * * * ' "

It is argued on behalf of respondents that in the hearing the petitioner did not occupy the analogous position of litigant or witness in an action. The answer to this contention is that petitioner attended the quasi-judicial hearing, not on his own initiative or for a purely personal purpose, but at the request of the Administrator to aid and assist in the judicial determination of whether the permit of a liquified gas dealer should be suspended or revoked. The request of the Administrator that petitioner attend the hearing fixed his connection or relation to the proceeding and established that his voluntary attendance was considered by the Administrator to be necessary or convenient to the judicial administration in the pending quasi-judicial proceeding.

In Lamb v. Schmitt, 285 U.S. 222, 52 S. Ct. 317, 76 L.Ed. 720, the court in its discussion of exemption of a non-resident from service of process while in attendance in connection with the conduct of a suit stated:

"* * * As commonly stated and applied, it proceeds upon the ground that the due administration of justice requires that a court shall not permit interference with the progress of a cause pending before it, by the service of process in other suits, which would prevent, or the fear of which might tend to discourage, the voluntary attendance of those whose presence is necessary or convenient to the judicial administration in the pending litigation. * * *"

■ In Harris Foundation v. District Court, supra, this court quoted with approval as follows:

"' * * * The privilege arises out of the authority and dignity of the court, it is founded on the necessities of judicial administration, it has for its primal object the protection of the court and not the immunity of the person, and is extended or withheld only as judicial necessities require. * * * ' "

■ Under the circumstances presented in the instant proceeding the legal principles governing the exemption of non-resident litigants, witnesses and attorneys from service of process while attending trial of an action, are equally applicable to the petitioner. It is our conclusion that petitioner was exempt from service of process at the time of the service of the Oklahoma County District Court summons upon him.

In the circumstances here presented the superintending control of this court under Sec. 2, Art. VII of the Constitution is properly invoked.

■■ In Harris Foundation v. District Court, supra, we stated:

"The issuance and service of summons upon one exempt therefrom by reason of the immunity accorded by law and the exercise by trial courts of jurisdiction predicated thereon is violative of the sovereign policy of the state in the administration of justice.

"By Sec. 2, Art. 7 of the Constitution the Supreme Court is given jurisdiction to exercise a general superintending control over all inferior courts, and this jurisdiction is a separate and distinct grant from its appellate jurisdiction."

The District Court of Oklahoma County and the respondents as Judges thereof did not have jurisdiction over the person of the petitioner in the above styled and numbered cases, and the attempted service upon the petitioner, under the circumstances here disclosed, was a nullity.

Writ granted prohibiting respondents from proceeding further in said causes.

BLACKBIRD, C. J., HALLEY, V. C. J., and JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.